**Pages 1 - 9**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

LILY, ET AL.,                    )
              Plaintiffs,     )
  VS.                            )    **NO. CV 19-01668-YGR**
KENNETH BRESLIN,                 )
              Defendant.      )

Oakland, California
Tuesday, October 8, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        HEPBURN LAW
        200 First Avenue West - Suite 550
        Seattle, WA  98119
  **BY:  CAROL L. HEPBURN, ESQUIRE**

        CARPENTER ZUCKERMAN ROWLEY
        407 Bryant Circle - Suite F
        Ojai, CA  93023
  **BY:  JOHN A. KAWAI, ESQUIRE**

For Defendant:
        MARSHALL DEFENSE FIRM
        1001 Fourth Avenue - Suite 4400
        Seattle, WA  98154
  **BY:  DAVID S. MARSHALL, ESQUIRE**

        LAW OFFICES OF MARK S. GOLDROSEN
        255 Kansas Street - Suite 340
        San Francisco, CA  94103
  **BY:  MARK S. GOLDROSEN, ESQUIRE**

Reported By:   Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
              Official Reporter

|   |   |   |
|---|---|---|
| 1 | **Tuesday - October 8, 2019** | **3:10 p.m.** |

                        **P R O C E E D I N G S**

                               ---oOo---

        **THE CLERK:**  Calling CV 19-1668, Lily, et al. vs. Breslin.

    Counsel, please state your appearances.

        **MS. HEPBURN:**  Carol --

        **MR. MARSHALL:**  Plaintiff first.  Very well.

        **MS. HEPBURN:**  Carol Hepburn here on behalf of Plaintiffs, and with me is John Kawai.

        **MR. KAWAI:**  Good afternoon, Your Honor.

        **THE COURT:**  Good afternoon.

        **MR. MARSHALL:**  Good afternoon, Your Honor.  For Movant and Defendant Kenneth Breslin, David Marshall and local counsel, Mark Goldrosen.

        **MR. GOLDROSEN:**  Good afternoon, Your Honor.

        **THE COURT:**  Mr. Goldrosen, are you sure you don't want to do civil law?

        **MR. GOLDROSEN:**  I think I will stick with what I do.

        **THE COURT:**  I thought that might be the case after that last one.

    Okay.  With respect to this motion, I'm inclined to deny it.  I do think, Mr. Marshall, that the Supreme Court's opinion, as I read it, in *Paroline* -- that's P-A-R-O-L-I-N-E -- *vs. the United States*, 2014 case, 572 U.S. 434, does not

1  comport with your theory of the law.  Section 2252, according
2  to Justice Kennedy, does contemplate that victims whose
3  photographs in child pornography cases have been distributed
4  and disseminated can receive restitution, and as Senator Kerry
5  said when the legislation was brought into being that, quote,
6  "injuries do not cease to exist simply because the victim has
7  turned 18."
8      So it's not exactly like our case, but each of these
9  individuals was a minor when the photographs were taken, and
10 that's sufficient.  And the Justice has entirely rejected the
11 notion that we should be thinking about this in a "but for"
12 causation-type situation.
13     Now, they don't, as appellate court judges frequently
14 do -- they don't give us the answers of how it is we are
15 supposed to ultimately get to the resolution of causation, but
16 that's what the common law is about and that's what juries get
17 to decide and that's what good lawyers get to argue when you
18 argue about whether or not there is causation.  But I don't
19 think that the "but for" rule applies, and I am not alone.  The
20 Sixth Circuit reached the same conclusion; the Southern
21 District of New York; another judge here, Judge Hamilton.
22     Those cases include *Doe vs. Boland*, 698 F.3d 877.  That's
23 the Sixth Circuit case, 2012.  *Singleton vs. Clash*, 951
24 F.Supp.2d, 578.  That's the Southern District, 2013 case, which
25 was affirmed by the Second Circuit.  And then *Amy vs. Curtis*,

1  that's the Hamilton case, Case No. 19-2184.
2       So I just don't think that the motion to dismiss on those
3  grounds is appropriate.  You're welcome to say something.  I'm
4  not sure at this point that I'm going to change my mind, but go
5  ahead.
6            **MR. MARSHALL:**  I welcome the opportunity to say
7  something, Your Honor.
8       And you have covered a number of points, and I think the
9  most sensible way for me to respond to them would be in -- I
10 think you've covered basically everything I was planning to
11 say, but maybe not in the same order I was planning to say it.
12 Would you mind if I proceeded in that fashion?
13           **THE COURT:**  Okay.  There are still cases behind you.
14           **MR. MARSHALL:**  I will --
15           **THE COURT:**  And so I would be judicious in your words
16 because I really don't think you have a motion here.  But go
17 ahead.
18           **MR. MARSHALL:**  I understand, Your Honor.
19      Okay.  So there are two issues that are before the Court.
20 You've touched on both of them.  The first is whether a person
21 who is now an adult may recover under Section 2255.  The second
22 is whether a plaintiff under Section 2255 must plead and prove
23 "but for" causation.
24      The -- our -- I think you understand, so I will not
25 belabor it, that our argument is based not the text of the

1   statute.

2   **THE COURT:** I understand.

3   **MR. MARSHALL:** We believe it sets forth plainly what
4   is -- the things that are required.  One of them is that the
5   person bringing the cause of action have been a victim of a
6   crime committed by the defendant while that person was a child.

7   **THE COURT:** That depends on where -- the "while a
8   minor" and what that refers to.

9   **MR. MARSHALL:** Correct.

10  **THE COURT:** And I disagree with your interpretation.
11  I understand what you're arguing.  It's preserved for appeal --

12  **MR. MARSHALL:** I understand.

13  **THE COURT:** -- but I don't think that's what it means
14  or says.

15  **MR. MARSHALL:** I understand you're pointing to the --
16  I was listening when you pointed -- when you mentioned the name
17  of Senator Kerry, but we don't get to to legislative history
18  unless the statute is not plain, and in this case, we believe
19  that the statute does set forth plainly that the person must
20  have been a child when a victim of the defendant's crimes.

21  **THE COURT:** I understand your position.  That's what
22  the Ninth Circuit can think about when you take it there.

23  **MR. MARSHALL:** Very well.

24     So I will then move on to the next issue, which is whether
25  a plaintiff must plead "but for" causation, and this is where

1  you started your comments before I started.

2  You talked about the *Paroline* case and pointed out that in
3  that case, the Supreme Court did not find a necessity for "but
4  for" causation, but, Your Honor, that was a criminal
5  restitution case.

6  **THE COURT:** I agree.

7  **MR. MARSHALL:** That was a case under Section 2259
8  whereas this case is under Section 2255. It is not a part of
9  the criminal case. A basis for the *Paroline* decision was the
10 penological purposes of criminal restitution. Criminal
11 restitution is not just designed to collect money or to make
12 victims whole, it is designed also to send a message to
13 criminal defendants about the harm they have caused, and the
14 Supreme Court did not want the criminal sentencing process to
15 lack a message that there are some costs here that the
16 defendant has to pay for.

17 We are in a civil context now, and the *Paroline* decision
18 therefore does not control.

19 **THE COURT:** But I would say that in the civil context,
20 typically both in terms of burden of proof and in other
21 measures, the measure itself is typically not as stringent than
22 in the criminal context. And frequently in the civil
23 context -- or what I should say is that frequently the criminal
24 context relies on the civil context to deal with financial
25 compensation issues.

1    So, for instance, I presided over a large multi MDL -- it
2    was a multijurisdictional litigation regarding antitrust
3    claims, and in that case, I took the criminal indictments or
4    the -- I sentenced the corporate defendants, and much of the
5    restitution or much of what the Government argued in terms of
6    what I should grant in terms of restitution they decided, and
7    appropriately so, to leave to the civil litigators to fight it
8    out.
9    So it is frequently the case that if we're talking about
10   money as opposed to incarceration, the standard is going to be
11   lower, and you, in fact, relied on *Paroline* in your briefing.
12   So I don't think, again, that under traditional notions of
13   how we deal with civil cases and under the current state of the
14   law that a "but for" approach is appropriate.  I think it is
15   complicated.  I'm not saying that I don't think that it's
16   complicated in terms of causation, but I don't think that there
17   is a basis for me to require that it be at the higher level.
18   And, again, it's preserved for appeal so you can take it up,
19   and the Ninth Circuit can decide whether I'm wrong.
20   So the motion is denied.
21   Can you answer the Complaint in -- or how much time do you
22   need?  Two weeks?  Three weeks?
23            **MR. MARSHALL:**  Three weeks, please, Your Honor.
24            **THE COURT:**  Okay.  So three weeks from today would be
25   October 29th.  And then I need to get you on a case management

1  calendar.  So do you all want mid November or early December?
2       **MS. HEPBURN:**  Your Honor, I'll be out of the country
3  from November 6th to 26th.  If the Court would allow if we
4  could have it after that, I would appreciate it.
5       **THE COURT:**  December 9th.
6       **MR. MARSHALL:**  I'm supposed to be starting a trial
7  in -- in Olympia, Washington, that day, Your Honor, so that
8  would not be --
9       **THE COURT:**  How about December 2nd.
10      **MR. MARSHALL:**  That should work, yes.
11    Now, excuse my ignorance of the procedures here,
12 Your Honor.  Is that something that I would need to appear in
13 person for in Oakland or would -- could -- I don't know
14 whether --
15      **THE COURT:**  So I always require the personal
16 appearance of lead counsel.
17      **MR. MARSHALL:**  Let me just --
18      **THE COURT:**  Let me just say something as well.  This
19 is a difficult case, and what is going to be important to me is
20 what is in your Case Management Statement.  I will set a trial
21 date on that day, and I generally explain how processes work in
22 this courtroom.
23    So, yes, my preference is for you to be here -- where are
24 you coming in from?  Seattle?
25      **MR. MARSHALL:**  Seattle, as Ms. Hepburn is, I believe,

1  generally.
2         **MS. HEPBURN:**  Yes.
3         **THE COURT:**  Okay.  Well, file your statement and let's
4  see what we can do.
5         **MS. HEPBURN:**  Thank you, Your Honor.
6         **MR. KAWAI:**  Thank you, Your Honor.
7         **THE COURT:**  Okay.  To the extent that you're getting
8  along, that's a better --
9         **MR. MARSHALL:**  Ms. Hepburn and I have a long history
10 of getting along, Your Honor.
11        **MS. HEPBURN:**  And we do get along, Your Honor.  Thank
12 you.
13        **THE COURT:**  And like I said, I know Mr. Goldrosen from
14 his criminal practice.  I don't know that he knows how to be
15 difficult.
16     All right.  I'll be in touch.
17        **MS. HEPBURN:**  Thank you.
18        **MR. KAWAI:**  Thank you.
19        **THE COURT:**  Thank you.
20            (Proceedings adjourned at 3:23 p.m.)
21
22
23
24
25

```
 1
 2
 3                      CERTIFICATE OF REPORTER
 4         I certify that the foregoing is a correct transcript
 5   from the record of proceedings in the above-entitled matter.
 6
 7   DATE:    Wednesday, October 23, 2019
 8
 9   /s/ Pamela Batalo Hebel
     _____
10   Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
     U.S. Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```