John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax:  (805) 719-6858
Email: team3@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, Pro Hac Vice
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia,
And Mya

Carol L. Hepburn, Pro Hac Vice
200 First Avenue West, #550
Seattle, WA  98119
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH" minors, JOHN DOE as court appointed conservator for "SALLY" and "SIERRA" minors, WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE as next friend for "PIA," "MYA," and "AVA" minors, JANE JONES as next friend for "FIONA" minor, JANE SMITH as next friend for "TORI" minor, "MAUREEN," "AMY," "ERIN," "CASSEAOPEIA," "ERIKA," "JENNY," "CHELSEA," MARY DOE | Case Number: 4:19-cv-01668-YGR **UPDATED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

*Form updated May 2018*

as next friend for "ANGELA" minor,    )
and "ANDY"                             )
                                       )
                    Plaintiffs,        )
                                       )
v.                                     )
                                       )
KENNETH BRESLIN,                       )
_____)

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

The parties request that the Case Management Conference be continued 90 days, or alternatively, that a Status Conference regarding Settlement be set 90 days from the date of the Case Management Conference.

The parties have reached a settlement. Plaintiffs wish to add terms to the settlement and will make a proposal to Defendant. However, due to the COVID related impediments to communication with defendant, who is imprisoned, and other attendant slow downs in communications with others as well, the parties require the additional time to complete the settlement and file the motion for approval of the minor settlements.

1.  Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The court's subject matter jurisdiction derives from this matter being based upon federal statute, specifically 18 U.S.C. 2255. Defendant has been personally

Page **2** of **11**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

served. No issues exist regarding personal jurisdiction. No other parties remain to be served.

2.  Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiffs are subjects in series of child pornography images and videos. Defendant pleaded guilty to and was convicted of two counts of possession of child pornography. Plaintiffs allege the child pornography he possessed included images and videos of them. Plaintiffs allege they have each suffered personal injury as a result of Defendant's violation of federal child pornography law. Defendant had no role in any production or distribution of child pornography. He denies that his possession of child pornography has caused any Plaintiff any injury.

3.  Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs allege that defendant must pay liquidated damages based upon his admitted possession of their child sex abuse images in violation of 18 U.S.C. § 2252 (a)(2) and (b)(1), and 18 U.S.C. § 2252 (a)(4)(B) and (b)(2).

*Form updated May 2018*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant denies that any Plaintiff who was an adult at the time of his offenses may recover under 18 U.S.C. § 2255. He also denies that any Plaintiff was injured "as a result of" his criminal violations, as required by 18 U.S.C. § 2255. Both of these contentions were rejected by the Court in denying his motion to dismiss pursuant to Rule 12(b)(6). In addition, Defendant asserts as affirmative defenses: third-party liability, accord and satisfaction, unjust enrichment, set-off, and that 18 U.S.C. § 2255 is invalid because it contravenes the Fifth Amendment's due process guarantee and the Eighth Amendment's prohibition of excessive fines.

4.  <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*
Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) has been denied by the Court.  Plaintiffs intended to bring a motion for summary judgment and to strike certain affirmative defenses if they are made.
The parties have now reached a substantial settlement of the matter and settlement documents have been circulated.  There is an issue between the parties concerning confidentiality of the settlement.
Some further review and editing of certain other provisions in the settlement documents may be needed.
It is anticipated that a motion for court approval of the settlements for the minors will be presented along with a motion to seal certain documents or portions of documents filed in support of that motion so as to preserve the anonymity of the minor Plaintiffs.

*Form updated May 2018*

All parties intend to move jointly for leave for counsel to attend the case management conference by telephone.

No other motions are pending.

5. <u>Amendment of Pleadings</u>
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff "Lily" AKA "Vicky" plans to move to amend the complaint to correct her pseudonym.

6. <u>Evidence Preservation</u>
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Counsel for all parties have conferred and do not foresee any ESI discovery issues.

All counsel certify that they have reviewed the ESI Guidelines.

7. <u>Disclosures</u>
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

All parties have served their initial disclosures.

*Form updated May 2018*

Defendant disclosed that Plaintiffs themselves likely have information that will support his defenses. He also disclosed criminal discovery provided to him in his underlying criminal prosecution.

Plaintiffs disclosed the names and contact information of several persons likely to have discoverable information. They also identified several documents they may use to support their claims.

8.  Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date.

The parties have identified only one discovery dispute. Defendant seeks information concerning prior awards and amounts paid to each of the Plaintiffs for their losses as victims of child sex abuse image crimes.  Plaintiffs contend that such information is neither relevant nor will lead to admissible evidence as they seek only statutory liquidated damages and per the statute (18 USC §2255(a)) such amount is not contingent on other awards or receipts. Defendant contends that such information is relevant at least to his Fifth, Sixth, Seventh, and Eighth Affirmatives Defenses, stated at Para. 116-119 of his Answer, Dkt. 49.

The parties do not anticipate needing an e-discovery order or formal discovery plan.


9.  Class Actions

*If a class action, a proposal for how and when the class will be certified.*

This is not a class action.

*Form updated May 2018*

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

No related case is currently pending, however, the criminal prosecution of defendant for child pornography offenses in case number 3:16-cr-00515-YGR was brought before this court. Defendant was sentenced on May 25, 2018, and a Stipulation and Order Regarding Restitution providing for restitution for Plaintiffs was entered on May 31, 2018.

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs each seek $150,000 in liquidated damages from defendant as provided for in 18 U.S.C. 2255. Each Plaintiff seeks only statutory liquidated damages; none seeks actual damages. Plaintiffs also seek their attorneys fees and punitive damages as allowed by this statute.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Direct negotiation between counsel has settled this case as to the amount to be paid by Defendant for dismissal of the claims.  There is an issue between the parties concerning confidentiality of the settlement.  The parties are continuing to work on this issue.

*Form updated May 2018*

13. <u>Consent to Magistrate Judge For All Purposes</u>
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*      ____ YES     _X___ NO

14. <u>Other References</u>
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

No such issues yet appear.

16. <u>Expedited Trial Procedure</u>
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not all agree that this matter would be appropriate for Expedited Trial Procedure.

17. <u>Scheduling</u>
*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

A scheduling order is already in place.

Given the COVID related impediments to communication with defendant, who is imprisoned, and other attendant slow downs in communications with others as

*Form updated May 2018*

well, the parties ask the court for ninety (90) days to complete the settlement and file the motion for approval of the minor settlements.

18.  Trial
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The parties believe a trial date is no longer necessary.

19.  Disclosure of Non-party Interested Entities or Persons
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

All parties have filed the certification.

20.  Professional Conduct
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.  Other
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Mr. Breslin's imprisonment is an obstacle to the speedy and inexpensive disposition of this matter. The parties would appreciate the Court's help in minimizing this problem. Any assistance the Court could give in facilitating Mr. Breslin's confidential communication with his attorneys would be greatly appreciated.

Page **9** of 11

1

2 | Dated: April 20, 2020

CARPENTER, ZUCKERMAN & ROWLEY

3 | /S/

4 | John A. Kawai, CSBA No. 260120
5 | 407 Bryant Circle, Suite F
   | Ojai, CA 93023
6 | 805-272-4001
7 | jk@czrlaw.com

8 | Counsel for plaintiffs

9 | THE MARSHALL DEFENSE FIRM

10

11

12

13 | Dated: April 20, 2020

/S/

14 | DAVID S. MARSHALL, Pro Hac Vice 1001
15 | Fourth Avenue, Suite 4400 Seattle, WA 98154

16 | Tel: (206) 826-1400

17 | david@marshalldefense.com

18 | Of Attorneys for defendant

19

20

21 | /S/

22 | MARK GOLDROSEN
23 | 255 Kansas St., Suite 340 San Francisco, CA
   | 94103
24 | Tel: (415) 565-9600
   | Email: markgoldro@aol.com
25

26 | of Attorneys for Defendant

27

28

Page **10** of 11

*Form updated May 2018*

1

## CASE MANAGEMENT ORDER

[The Case Management Conference in this case is continued 90 days to [July 27, 2020 / _____;]/

[A Status Conference re: Settlement is set for [July 27, 2020; _____ at _____ a.m./p.m. in this Department]/

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

 Dated: _____

UNITED STATES
DISTRICT/MAGISTRATE JUDGE

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Form updated May 2018*