1  John A. Kawai, CSBN 260120
   CARPENTER, ZUCKERMAN & ROWLEY
2  407 Bryant Circle, Suite F,
   Ojai, CA 93023
3  Tel:  (805) 272-4001
   Fax: (805) 719-6858
4  Email: jk@czrlaw.com

5  Deborah A. Bianco, *Pro Hac Vice*
   14535 Bel-Red Road, #201
6  Bellevue, WA 98007
   (425) 747-4500
7  Email: deb@debbiancolaw.com

8  Carol L. Hepburn, *Pro Hac Vice*
   PO Box 17718
9  Seattle, WA  98127
   Tel: 206) 957-7272
10 Fax: (206) 957-7273
   Email: carol@hepburnlaw.net

11
   Elaine T. Lenahan, *Pro Hac Vice*
12 2655 Villa Creek, Suite 204
   Dallas, Texas 75234
13 Phone: 214-584-6664
   Email: elaine@lenahanlaw.com
14

15 Attorneys for Plaintiffs.

16              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
17

18 "LILY," "SARAH," JANE DOE as court          NO.  4:19-CV-01668-YGR
   appointed conservator for "SKYLAR" and
19 "SAVANNAH" minors, JOHN DOE as court         JOINT MOTION TO APPROVE MINOR
   appointed conservator for "SALLY" and       SETTLEMENTS
20 "SIERRA" minors, WILLIAM L.E.
   DUSSAULT as Guardian ad Litem for           Date: December 8, 2020
21 "VIOLET," minor, JANE ROE as next friend    Time: 2:00 p.m.
   for "PIA," "MYA," and "AVA" minors, JANE    Before the Honorable Yvonne Gonzalez Rogers
22 JONES as next friend for "FIONA" minor,     United States District Court Judge
   JANE SMITH as next friend for "TORI"
23 minor, "MAUREEN," "AMY," "ERIN,"
   "CASSEAOPEIA," "ERIKA," "JENNY,"
24 "CHELSEA," MARY DOE as next friend for

25

   JOINT MOTION TO APPROVE MINOR
   SETTLEMENTS - 1

1    "ANGELA" minor, and "ANDY"

2                                     Plaintiffs,

3    v.

4    KENNETH BRESLIN,

5

6                                     Defendant.

7                          **MOTION**

8        The parties have reached a tentative settlement.  Some of the plaintiffs are still minors

9    and must file a motion requesting court approval of the proposed settlement.  In conjunction

10   with this motion, Plaintiffs are filing a Joint Motion to Seal Portions of this Motion to Approve

11   Minor Settlements to redact their legal identities, the identities of their family members, their

12   physical location, and the amount of their settlements and certain information concerning

13   Defendant's financial status.

14

15           **MEMORANDUM OF POINTS AND AUTHORITIES**

16   **I.      RELIEF REQUESTED**

17       This matter comes on the joint motion of the Plaintiffs and the Defendant pursuant to

18   **Local Civil Rule** 7.2 for approval by the court of a tentative settlement reached in this matter

19   involving, in part, the compromise of claims made on behalf of the minors in this action.

20       Plaintiffs further request approval of the proposed attorneys fees and reimbursement of

21   costs advanced.

22   **II.     BACKGROUND**

23       This matter was brought by the Plaintiffs for civil remedies under 18 U.S.C. 2255(a).

24   The Court has previously approved Plaintiffs' proceeding via pseudonym Dkt. # 24**.**  Each of

25

the Plaintiffs herein are victims of child sex abuse image crimes.  The Defendant was convicted on plea of guilty of two counts of possession of child sex abuse images.

Eleven of the twenty-one Plaintiffs at the time of filing of the Complaint were minors--- Skylar, Savannah, Sally, Sierra, Violet, Pia, Mya, Ava, Fiona, Tori, and Angela.  In the interim, Plaintiffs' Mya and Ava have each reached the age of majority since the filing of this matter. See Declaration of Jane Roe, next friend.  Plaintiffs Tori, Fiona, and Angela have also reached the age of majority.  See Declarations of Jane Smith, Jane Jones, and Mary Doe, next friends.) As such, Plaintiffs respectfully assert that this court need not approve their settlements.

Sierra has reached the age of majority, however she is still the subject of a conservatorship in her home state which lasts until age 21 by statute.  Further, she is also now the subject of a guardianship as she is unable to handle her own affairs.  Therefore, the parties ask the Court for approval of her settlement as well as that of the five remaining minors (Skylar, Savannah, Sally, Pia, and Violet.)

Skylar, Savannah, Sally, and Sierra are each the subject of conservatorship proceedings in their home states.  All funds obtained on account of their status as victims of child sex abuse image crimes are placed in blocked accounts monitored by their home state court.  See Declarations of Jane Doe and John Doe filed herewith.

Pia is a resident of Canada.  Her next friend herein is her mother who is her custodial parent. It is proposed that funds obtained on behalf of Pia be placed in a separate blocked account and that no withdrawal of principal or interest be made without order of this court until such time as Pia turns 18. It is further proposed that Pia's mother/next friend be allowed to select the bank or credit union at which such funds be deposited, that Plaintiffs' counsel provide such financial institution with a copy of this court's order regarding the disposition of Pia's funds, and that Plaintiff's counsel within forty-five (45) days of the court's order file with

JOINT MOTION TO APPROVE MINOR
SETTLEMENTS - 3

1  the court a declaration verifying the establishment of the blocked account.  It is further

2  requested that any bond be waived.  See Declaration of Jane Roe.

3       Violet is the subject of a guardianship in her home state.  She has a court-appointed

4  Settlement Guardian ad Litem, attorney William L.E.Dussault, who is the named party for her

5  in this matter.  By order of the court in that guardianship all funds obtained on her behalf are

6  placed in a blocked account and accountings are made periodically to the guardianship court.

7       **EVIDENCE RELIED UPON**

8       The parties rely upon Declarations of parents Jane Doe, John Doe and Jane Roe, Jane

9  Jones, Jane Smith, Mary Doe, Settlement Guardian ad Litem William L.E. Dussault, and the

10  Declarations of Plaintiffs' counsel Carol L, Hepburn, Deborah A. Bianco, and John A. Kawai,

11  and Defense counsel David S. Marshall as well as the records and files herein.

12  **III.   ISSUES PRESENTED**

13      A.  Whether the settlements proposed for the minors are fair and reasonable.

14      B.  Whether the attorneys fees and costs reimbursement requested are fair and

15         reasonable.

16  **IV.   LEGAL AND FACTUAL ISSUES**

17       This court has a special duty to protect the interests of the minors herein.  *Robidoux v.*

18  *Rosengren*, 638 F.3d 1177 (9th Cir. 2011).   The question before the court is whether the net

19  settlement to be distributed to the minors is fair and reasonable in light of the facts and

20  circumstances of the case *Robidoux, supra* at 1181-82.

21       Plaintiffs have sought by their complaint statutory liquidated damages of $150,000 each

22  plus attorneys fees as provided by 18 U.S.C. 2255(a).  Defendant has alleged affirmative

23  defenses of violation of his Eighth Amendment right to be free of excessive fines and his Fifth

24  Amendment right to due process.

25

JOINT MOTION TO APPROVE MINOR
SETTLEMENTS - 4

1    Relatively few cases have been brought under this statute for victims of child sex abuse

2    image crimes and far fewer have been litigated fully or tried.  Little caselaw has been

3    developed concerning the affirmative defenses advanced by Defendant.

4    Because the liability in this matter was established by virtue of the conviction of the

5    defendant of the predicate child pornography crime and the restitution orders entered by the

6    criminal court, and because the damages are established by statute, the parties engaged in

7    limited discovery. Rather the bulk of efforts of counsel for both sides have been focused on

8    settlement.

9    **V.    REASONABLENESS OF PROPOSED SETTLEMENT AND SOURCE OF**

10        **FUNDS**

11    There is no insurance policy which might cover the claims against Mr. Breslin.

12    The settlement tentatively reached by the parties provides for Mr. Breslin to pay

13    ████████  into his counsel's attorney trust account to be then transferred to Plaintiffs' counsel for

14    benefit of all Plaintiffs on or before the later of these two dates: October 15, 2020, or the date

15    one month after the last of the Plaintiffs executes settlement documents.

16    ███████████████████████████████████████

17    ████████████████████████████████████████████

18    ████████████████████████████████████████

19    ██████████████  He has recently been released early from his term of incarceration

20    pursuant to a motion for compassionate release related to the pandemic.  The amount of the

21    settlement in this matter takes the amount of Defendant's assets into account as well as the

22    costs of collection to Plaintiffs and likely net result of collection efforts should enforcement of

23    judgment be necessary.

24    The Plaintiffs, by prior agreement among themselves, agreed to an equal sharing of any

25    proceeds of the resolution of this matter as well as an equal sharing of the costs of the litigation.

1   With the proposed settlement each of the plaintiffs would receive ▮▮▮▮▮ gross.  As

2   explained below, after proposed fees of ▮▮▮▮▮ each, and costs of $166.90 each, the net to

3   each plaintiff, including each of the minors, would be ▮▮▮▮▮.

4        There are no medical or counseling expenses or other subrogated expenses to be paid

5   from the settlement funds.

6   **VI. ATTORNEYS  FEES AND COSTS**

7        This action is brought under 18 U.S.C. 2255(a) and is relatively novel in terms of the

8   broad sweep of subject matter of federal court actions. Few such actions have apparently been

9   tried across the country.  Plaintiffs' counsel are aware of only ten attorneys including

10  themselves, nationwide, who regularly represent survivors of child sex abuse image

11  exploitation crimes in criminal restitution matters, and fewer who regularly bring civil claims

12  on behalf of such survivors.

13       Plaintiffs' attorneys have advanced all costs necessary in pursuit of this action.  No

14  funds have been advanced by any of the plaintiffs themselves.

15       Plaintiffs' counsel jointly have expended a total of over 75 hours in prosecuting this

16  matter. This does not count time spent by counsel's paralegals who have expended additional

17  time on initial drafts of documents, correspondence, and scheduling.

18       Minor Plaintiffs' parents entered into fee agreements with counsel Hepburn and Bianco

19  at the outset of representation providing for a one-third contingent fee together with

20  reimbursement of reasonable out of pocket costs.  Attorney Hepburn has represented the minors

21  Sally, Skylar, Savannah, and Violet, as well as Sierra who is subject to the guardianship order,

22  since 2015 under this fee agreement.  Attorneys Hepburn and Bianco have represented the

23  minor Pia since 2016, also under a one-third contingent fee agreement. For purposes of this

24  action, an agreement for association of Attorney Kawai as local counsel was also entered into

25  by each of the Plaintiffs. This agreement provides that Mr. Kawai's fees would be a part of the

JOINT MOTION TO APPROVE MINOR
SETTLEMENTS - 6

1    one-third contingent fee and that Plaintiffs would have no greater fee because of his

2    participation as local counsel.

3           Declarations of each counsel are filed herewith attesting to the time and efforts

4    expended in this matter. An itemization of costs advanced is included with the declarations of

5    Counsel Kawai and Hepburn.

6           Plaintiffs' counsel have brought other similar actions under 18 U.S.C. §2255 for these

7    plaintiffs.  Despite similar issues, the outcomes vary substantially depending on the

8    development of record in the underlying criminal proceedings and the assets and circumstances

9    of the particular defendant.  Many such resolutions by settlement result in contingent fees at

10   less than counsel's hourly rate.

11          Plaintiffs rely on the Declarations of counsel Carol L. Hepburn, Deborah A. Bianco,

12   John Kawai in support of their request for approval of attorneys fees and costs as well as the

13   four affidavits of the parents of the minors herein.

14          DATED this __6th__day of __November_____, 2020.

15   CARPENTER, ZUCKERMAN, & ROWLEY

16   By___/s John A. Kawai_____
     John A. Kawai, CSBA No. 260120
17   407 Bryan Circle, Suite F
     Ojai, CA 93023
18   805-272-4001
     jk@czrlaw.com
19   Attorney for Plaintiffs

20

21

22

23

24

25

JOINT MOTION TO APPROVE MINOR
SETTLEMENTS - 7

CAROL L. HEPBURN, P.S.

By  /s Carol L. Hepburn
Carol L. Hepburn , WSBA No. 8732, *Pro Hac Vice*
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Of Attorneys for Plaintiffs Lily, Jane Doe for Skylar and
Savannah, minors, John Doe for Sally and Sierra, minors and
Jenny


DEBORAH A. BIANCO, P.S.

By  /s Deborah A. Bianco
Deborah A. Bianco, WSBA No. 19826, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Of Attorneys for Jane Roe for Pia



LAW OFFICES OF MARK S. GOLDROSEN

By:  /s/ Mark S. Goldrosen
Mark Stuart Goldrosen
255 Kansas Street, Suite 340
San Francisco, CA 94103
(415) 565–9600
Fax: (415) 565–9601
Email: markgoldro@aol.com

and

//

//

JOINT MOTION TO APPROVE MINOR
SETTLEMENTS - 8

1

2   THE MARSHALL DEFENSE FIRM

3   By:   /s/ David S. Marshall
    1001 4th Ave, #4400
4   Seattle, WA. 98154
    206-826-1400
5   206-826-1462 fax
    david@marshalldefense.com
6
    Attorneys for the Defendant Kenneth Breslin
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT MOTION TO APPROVE MINOR
SETTLEMENTS - 9