1

2　John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY

3　407 Bryant Circle, Suite F,
Ojai, CA 93023

4　Tel: (805)272-4001
Fax: (805)719-6858

5　Email: team3@czrlaw.com
Of Attorneys for Plaintiffs

6

7　Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201

8　Bellevue, WA 98007
(425)747-4500

9　Email: deb@debbiancolaw.com
Attorney for Plaintiff Jane Roe for Pia

10

11　Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550

12　Seattle, WA 98119
Tel: (206)957-7272

13　Fax: (206)957-7273
Email: carol@hepburnlaw.net

14　Attorney for Plaintiffs Lily, Jane Doe for
Skylar and Savannah, minors,

15　John Doe for Sally and Sierra, and Jenny

16

17
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

18　"LILY," "SARAH," JANE DOE as court
appointed conservator for "SKYLAR" and

19　"SAVANNAH" minors, JOHN DOE as court
appointed conservator for "SALLY" and

20　"SIERRA" minors, WILLIAM L.E.
DUSSAULT as Guardian ad Litem for

21　"VIOLET," minor, JANE ROE as next friend
for "PIA," "MYA," and "AVA" minors, JANE

22　JONES as next friend for "FIONA" minor,
JANE SMITH as next friend for "TORI"

23　minor, "MAUREEN," "AMY," "ERIN,"
"CASSEAOPEIA," "ERIKA," "JENNY,"

24

25　"CHELSEA," MARY DOE as next friend for

NO.  4:19-CV-01668-YGR

DECLARATION OF CAROL L. HEPBURN
IN SUPPORT OF JOINT MOTION TO
APPROVE MINOR SETTLEMENTS

Date:
Time:
Before the Honorable  Yvonne Gonzalez Rogers
United States District Court Judge

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1   "ANGELA" minor, and "ANDY"

2                                              Plaintiffs,

3   v.

4   KENNETH BRESLIN,

5                                              Defendant.

6

7        I, CAROL L. HEPBURN hereby declare as follows:

8        1.    I represent adult plaintiffs herein as well as the Plaintiffs Jane Doe as court appointed

9   conservator for Skylar and Savannah, minors, John Doe as court appointed conservator for Sally,

10  minor, and court appointed guardian for Sierra, and William L. E. Dussault who was appointed as

11  Settlement Guardian ad Litem for the minor Violet in her home state.  I make this declaration based

12  upon my own personal knowledge and professional experience as an attorney, in support of Motion

13  to Approve Minor Settlements.

14       2.    I have been licensed to practice law in the State of Washington since 1978 and in the

15  State of Oregon since 2003.  I am and have been in good standing in both states throughout that

16  time.  I am admitted pro hac vice herein.

17       3.    I have represented Lily since 2008; Skylar, Savannah, Sally, Sierra, and Violet since

18  2015 in criminal and civil matters related to their status as victims in prosecutions of violations child

19  pornography laws.  Together with co-counsel Deborah A. Bianco, I have represented Pia since 2016.

20       4.    Jane Doe is the mother of Skylar and Savannah and has been appointed by her local

21  court as their conservator. Skylar and Savannah are each minors and reside outside the state of

22  California.  I have communicated with Jane Doe concerning this matter and she is in agreement with

23  the proposed settlement, and she has signed a declaration to that effect which is filed

24  contemporaneously herewith.

25

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

5.      John Doe is the father of Sally and Sierra and has been appointed by his local court as their conservator. Sally is still a minor. Sierra is now an adult but her conservatorship lasts until the age of twenty-one under her state's statutes.  John Doe has also been appointed as of July 7, 2020 as Guardian by Sierra's home state to handle her property matters.  Sally and Sierra reside outside the state of California.  I have communicated with John Doe concerning this matter and he is in agreement with the proposed settlements for both Sally and Sierra, and he has signed a declaration to that effect which is filed contemporaneously herewith.

6.      Jane Roe is the next friend for Pia.  She is Pia's mother and legal guardian.  Pia is a minor and resides outside the state of California.  Pia's sisters Ava and Mya were minors at the time of filing of this matter but have since become adults.  I have communicated with Jane Roe concerning this matter and she is in agreement with the proposed settlement for Pia, and she has signed a declaration to that effect which is filed contemporaneously herewith.

7.      Plaintiffs understand that the Defendant will pay ▮▮▮▮▮ to settle the claims of twenty-one (21) victims.  Plaintiffs have agreed previously to divide the settlement proceeds equally and to share equally per capita in the fees and costs.  This means that each plaintiff would receive ▮▮▮▮▮ gross before fees and costs are deducted.

8.      The amount of the settlement in this case is within the range to the amounts many of my adult child pornography clients have received in other comparable cases where the defendant's assets are quite limited and the number of victim plaintiffs is high.

9.      Lily, Sarah, Maureen, Ava, and Mya are adults and represented by me.  (Deborah Bianco and I jointly represent Maureen, Ava, and Mya.)  All reside outside the state of California.  I have communicated directly with each of them concerning this matter and they are in agreement

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 3

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

with the settlement as set forth in our motion for approval and have affirmed once more the equal sharing of proceeds and costs.

10.     Given the circumstances of this case and the Defendant's very limited financial resources, I believe that this is a reasonable settlement and in the best interests of all plaintiffs and particularly the minor plaintiffs.  This is my independent judgment based on my knowledge and experience with other similar cases, my analysis of the legal issues and our investigation into the circumstances of the defendant.  This proposed settlement is small but represents a substantial portion of the defendant's net worth and liquidity.  Discovery and investigation conducted during the course of this case, after filing, revealed a different financial picture than Plaintiffs' counsel had originally anticipated.  This settlement relieves the plaintiffs of the burden of participating in ongoing discovery and gives them a certain compensation without the further cost of collection.

11.     I began my practice in 1978 as a deputy prosecuting attorney for King County in Seattle, Washington.  At that time, among other matters, I prosecuted sexual assault crimes.  After leaving the County in 1982 and over the following years to date my practice has involved a large number of sexual assault related claims.  For approximately eight years following my leaving the prosecutor's office I defended individuals charged with sexual assault crimes.  Later my practice included family law cases involving alleged child sex abuse, civil sexual harassment matters both for plaintiffs and defendants, investigation of sexual harassment allegations for employers, and civil sexual assault tort cases.

In 2008, I began representing victims of child pornography and online exploitation crimes.  I have represented such victims in both criminal restitution and civil cases.  I have participated in appeals of restitution orders entered under 18 USC 2259 and was a part of the team which took the case of *Paroline v. United States,* 572 U.S. 464 (2014), to the United States Supreme Court.  The

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 4

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

work on these restitution issues included appeals pending in the Ninth, Third, Fourth, and Seventh Circuits as well as *Paroline* which arose in the Fifth Circuit. Multiple petitions for certiorari to the Supreme Court were filed prior to the court accepting *Paroline* for review.

12.     Since the *Paroline* decision in 2014 I have participated in representing the victims' viewpoint in meetings with Congressional staffers concerning amendments now passed to Sections 2255 and 2259 of Title 18.  I have presented at legal and law enforcement conferences on the issues attendant to litigating the rights of victims of child pornography offenses.  Through meetings with victim advocacy agencies and other attorneys representing this population of victims, and through my representation of multiple such clients over the last eleven years I believe that there are only less than a dozen lawyers who regularly represent victims of child pornography crimes in criminal restitution matters and even fewer who routinely bring civil claims under Section 2255 on more than isolated  bases.

13.     Additionally, I have been active in non-legal advocacy efforts to support victim rights and well-being through the Canadian Centre for Child Protection in Winnipeg, Manitoba, CA and the National Center for Missing and Exploited Children in Alexandria, VA.  These activities include, among other things, participating in an international interdisciplinary working group which created the first ever survey for data on the experiences of child pornography victims, participation in a project to produce video victim impact statements for these victims, and assisting in bringing together the two first ever groups of such victims for community building and mutual support.

14.     The legal issues presented by this matter are fairly unique in that few cases brought by victims of the crime of child sex abuse material exploitation have been brought across the nation. Many of the legal issues arising under these claims have not been developed and remain uncertain.

16.     Approximately 85% of my practice at this time is devoted to representing these victims on all matters relating to their status as survivors of child pornography claims.  Not all such

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

efforts result in generation of fees.  The remainder of my practice is focused on general personal injury matters.  Pursuing this matter has meant that I have not pursued other matters in my practice with more reliable and lucrative outcomes.

17.     I have spent over 60 hours thus far in prosecution of this case including .  These hours include investigation of the prospects of filing this matter, drafting of pleadings, review and revision of  pleadings drafted by co-counsel, drafting of written discovery directed to defendant and disclosures including Rule 26 initial disclosures, requests for production, and requests for admission to defendant, and a subpoena duces tecum to Defendant's criminal counsel, responding to defendant's discovery to plaintiffs, travel roundtrip  to Oakland from Seattle for attendance at the hearing on Defendant's Motion to Dismiss, negotiation of the settlement, drafting of a proposed settlement agreement, drafting of the instant motion and supporting declarations for approval of the minors' settlement, communications with clients, and communications with co-counsel and opposing counsel.

15.     This does not count time spent by my paralegal who has expended additional time on obtaining documentation as needed, initial drafts of correspondence, some of the pleadings, and scheduling.

16.     This also does not count time which may be expended in appearance at and associated travel for any hearing on the instant motion.

17.     My normal hourly rate for fees is $450.00 which is commensurate with that of other attorneys in the Seattle area of my tenure and in my area of practice.

18.     Each of the plaintiffs in this matter engaged my firm's services by entering into a fee agreement at the outset of representation providing for a one-third contingent fee together with reimbursement of reasonable out of pocket costs.  This agreement was approved by the

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 6

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1   conservatorship court for Sierra, Sally, Savannah, and Skylar, and by the guardianship court for

2   Violet.  For purposes of this action, an agreement for association of Attorney Kawai as local counsel

3   was also entered into by each of the Plaintiffs including the parents of each of the minors herein.

4   This agreement provides that Mr. Kawai's fees would be a part of the one-third contingent fee and

5   that there would be no greater fee because of his participation as local counsel.  The adult plaintiffs

6   in this matter are represented under similar fee agreements.

7          19.      I have advanced $1,474.14 in costs for this matter.  None of the plaintiffs have

8   advanced any money for costs in this matter.  The largest expense has been for travel   to Oakland

9   from Seattle for purposes of appearing at the hearing on the Defendant's motion to dismiss—

10
    approximately $1,291.33.  Further detail of the costs expended is contained at Exhibit 1 attached
11
    hereto which is a true and correct itemization of the costs I have advanced in this matter.
12
13         20.      Costs expended by each of the Plaintiffs' counsel in this case are as follow:

14   Hepburn                          $1,474.14

15   Kawai and CZR                    $2,030.86

16   Total                            $3,505.00

17   (Ms. Bianco, Mr. Marsh, and Ms. Lenahan have no costs advanced.)

18         21.      The attorneys fees of one third of the gross for each plaintiff would be ██████████
19
    Considering the total costs advanced Dividing equally between the plaintiffs each minor ██████)
20
    would net ████████████████████████████████████████) Given the facts and
21
22   circumstances in this matter, the lack of insurance to cover the loss, the Defendant's assets, the issues

23   presented and the time and costs expended, it is my opinion that the net proceeds proposed to the

24

25

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 7

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

minors are reasonable and the fees and costs requested are reasonable and well within the norm for cases with similar facts.

22.     I respectfully ask the Court to approve the settlement of this matter along with the associated attorneys fees and expenses.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 19th day of October, 2020.


CAROL L. HEPBURN, P.S.

By /s Carol L. Hepburn
Carol L. Hepburn , *Pro Hac Vice*
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Of Attorneys for Plaintiffs Lily, Sarah, Jane Doe
for Skylar and Savannah, minors, John Doe for
Sally and Sierra, minors, Jane Roe for Pia, minor

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273