John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel: (805)272-4001
Fax: (805)719-6858
Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425)747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiff Jane Roe for Pia

Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550
Seattle, WA 98119
Tel: (206)957-7272
Fax: (206)957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Jane Doe for Skylar and Savannah, minors,
John Doe for Sally and Sierra, and Jenny

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH" minors, JOHN DOE as court appointed conservator for "SALLY" and "SIERRA" minors, WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE as next friend for "PIA," "MYA," and "AVA" minors, JANE JONES as next friend for "FIONA" minor, JANE SMITH as next friend for "TORI" minor, "MAUREEN," "AMY," "ERIN," "CASSEAOPEIA," "ERIKA," "JENNY," "CHELSEA," MARY DOE as next friend for | NO.  4:19-CV-01668-YGR<br><br>DECLARATION OF JOHN A. KAWAI IN SUPPORT OF JOINT MOTION TO APPROVE MINOR SETTLEMENTS<br><br>Date:<br>Time:<br>Before the Honorable Yvonne Gonzalez Rogers<br>United States District Court Judge |

DECLARATION OF JOHN A. KAWAI IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 1

"ANGELA" minor, and "ANDY"

                         Plaintiffs,

v.

KENNETH BRESLIN,

                         Defendant.

I, John A. Kawai, hereby declare as follows:

1.    I am over the age of eighteen, and an attorney at law who is licensed to practice before the courts in California, Washington, and Nevada. I am a trial lawyer at CARPENTER, ZUCKERMAN & ROWLEY ("CZR") attorneys of record for Plaintiffs.

2.    This Declaration is submitted in support of Plaintiff's counsel's attorney's fees and reimbursement of costs for the representation of the plaintiffs in this action.

3.    If called to testify at the hearing on this motion, I could and would competently testify to the following based upon my own personal knowledge.

4.    I have worked extensively on this case as local counsel and co-counsel to Carol L. Hepburn and Deborah A. Bianco, and have been involved at every stage of the civil proceedings. CZR handles personal injury and wrongful death cases for Plaintiffs across the nation on a contingency basis. This is 99% of our practice.  We would typically agree to a 40% contingency fee for a case of this nature, but have taken this case with a 33 1/3% contingency.  Absent contingency fee agreements, firms such as CZR would be forced to limit our practice to cases that are less novel and cheaper to prosecute.  Our clients, who typically cannot afford to pay substantial legal fees, would not have us to help them balance the playing field against wealthy bad actors with disproportionately vast financial resources.

5.    The fees in this case are reasonable based on the number of hours invested by the attorneys in working up the case and preparing it for trial, as well as the unique experience and

knowledge the particular trial attorneys involved in this case brought to bear.  An exceedingly small number of attorneys in the nation (on the order of magnitude of 10!) handle the types of claims involved in this case, and my co-counsel Carol L. Hepburn and Deborah A. Bianco are preeminent among them.  I serve as local counsel for them in California and Nevada, and am unaware of any attorney in these states other than myself representing plaintiffs in such child sex abuse imagery civil restitution cases.

6. The services undertaken in this lawsuit include but are not limited to verifying the facts underlying the claim and Defendant's liability, collecting and collating all the evidence, including court documents, marshalling evidence in FBI custody, any relevant medical records, meeting with the clients and/or the family, and expert witnesses, preparing the pleadings and filings, serving summons and subpoenas, investigating the assets of the defendant and researching specific defense contentions, corresponding with and negotiating with opposing counsel, preparing the formal Petition in this matter, and making arrangements for the post-settlement distribution of settlement proceeds sought to be approved by means of this Petition.

7. There was considerable novelty and difficulty in the questions involved that required an exceptional degree of skill to competently perform legal services in this case.  All law firms involved devoted considerable time and resources – including in the months prior to the filing of the case– to addressing the liability challenges and collectability challenges in this case.

8. This matter was ultimately resolved through direct negotiation with opposing counsel. After extensive investigation into this defendant's financial circumstances this was the best settlement that could be obtained relative to the defendant's ability to pay.

9. This result was in part a product of CZR's and my trial experience, resources, and skill, and especially the specific lawyers who worked on this matter. Our offices have handled numerous cases involving physical and emotional injuries to children, and we have obtained numerous seven- and eight-figure jury verdicts, many purely noneconomic damages verdicts,

DECLARATION OF JOHN A. KAWAI IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 3

throughout the nation including the State of California.  As mentioned before, I am unaware of another attorney in California who is representing plaintiffs in child sex abuse imagery cases involving the claims made in this case.  Taking on these cases meant that I have taken away time from the catastrophic personal injury cases that make up most of my firm's practice.  The estimated time I have spent on this case is 18 hours, inclusive of preparing this application, and does not include my staff's time or my co-counsel's time or their staff.

10. CZR advanced costs totaling $496.91 in this case for service of the Summons and Complaint, as well as necessary courier and messenger services for subpoenas and related Court files.

11. My separate law firm, John A. Kawai Law Offices, Inc. advanced electronic filing fees for the complaint and the *pro hac vice* filings, as well as airfare, but no lodging expenses, for my travel to and from Court for the hearing on the Defendant's motion to dismiss, a total of $1,533.95.

12. Attached at Ex. 1 is a true and correct copy of the itemization of costs expended by CZR and John A. Kawai Law Offices, regarding this matter.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of September, 2020, at Ventura, California.

                                                           s/John A. Kawai  
                                                          JOHN A. KAWAI, SBN 260120  
                                                          CARPENTER, ZUCKERMAN, & ROWLEY  
                                                          407 Bryant Circle, Suite F,  
                                                          Ojai, CA 93023  
                                                          Tel: (805)272-4001  
                                                          Fax: (805)719-6858  
                                                          Email: jk@czrlaw.com  
                                                          Of Attorneys for Plaintiffs