John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax:  (805) 719-6858
Email: jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA  98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net

Elaine T. Lenahan, *Pro Hac Vice*
2655 Villa Creek, Suite 204
Dallas, Texas 75234
Phone: 214-584-6664
Email: elaine@lenahanlaw.com

Attorneys for Plaintiffs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH" minors, JOHN DOE as court appointed conservator for "SALLY" and "SIERRA" minors, WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE as next friend for "PIA," "MYA," and "AVA" minors, JANE JONES as next friend for "FIONA" minor, JANE SMITH as next friend for "TORI" minor, "MAUREEN," "AMY," "ERIN," "CASSEAOPEIA," "ERIKA," "JENNY," "CHELSEA," MARY DOE as next friend for | NO.  4:19-CV-01668-YGR<br><br>JOINT MOTION TO APPROVE MINOR SETTLEMENTS<br><br>Date:  December 8, 2020<br>Time:  2:00 p.m.<br>Before the Honorable Yvonne Gonzalez Rogers<br>United States District Court Judge |

"ANGELA" minor, and "ANDY"

                                    Plaintiffs,

v.

KENNETH BRESLIN,


                                    Defendant.

## MOTION

The parties have reached a tentative settlement.  Some of the plaintiffs are still minors and must file a motion requesting court approval of the proposed settlement.  In conjunction with this motion, Plaintiffs are filing a Joint Motion to Seal Portions of this Motion to Approve Minor Settlements to redact their legal identities, the identities of their family members, their physical location, and the amount of their settlements and certain information concerning Defendant's financial status.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    RELIEF REQUESTED

This matter comes on the joint motion of the Plaintiffs and the Defendant pursuant to **Local Civil Rule** 7.2 for approval by the court of a tentative settlement reached in this matter involving, in part, the compromise of claims made on behalf of the minors in this action.

Plaintiffs further request approval of the proposed attorneys fees and reimbursement of costs advanced.

### II.    BACKGROUND

This matter was brought by the Plaintiffs for civil remedies under 18 U.S.C. 2255(a). The Court has previously approved Plaintiffs' proceeding via pseudonym Dkt. # 24**.**  Each of

the Plaintiffs herein are victims of child sex abuse image crimes.  The Defendant was convicted on plea of guilty of two counts of possession of child sex abuse images.

Eleven of the twenty-one Plaintiffs at the time of filing of the Complaint were minors--- Skylar, Savannah, Sally, Sierra, Violet, Pia, Mya, Ava, Fiona, Tori, and Angela.  In the interim, Plaintiffs' Mya and Ava have each reached the age of majority since the filing of this matter. See Declaration of Jane Roe, next friend.  Plaintiffs Tori, Fiona, and Angela have also reached the age of majority.  See Declarations of Jane Smith, Jane Jones, and Mary Doe, next friends.) As such, Plaintiffs respectfully assert that this court need not approve their settlements.

Sierra has reached the age of majority, however she is still the subject of a conservatorship in her home state which lasts until age 21 by statute.  Further, she is also now the subject of a guardianship as she is unable to handle her own affairs.  Therefore, the parties ask the Court for approval of her settlement as well as that of the five remaining minors (Skylar, Savannah, Sally, Pia, and Violet.)

Skylar, Savannah, Sally, and Sierra are each the subject of conservatorship proceedings in their home states.  All funds obtained on account of their status as victims of child sex abuse image crimes are placed in blocked accounts monitored by their home state court.  See Declarations of Jane Doe and John Doe filed herewith.

Pia is a resident of Canada.  Her next friend herein is her mother who is her custodial parent. It is proposed that funds obtained on behalf of Pia be placed in a separate blocked account and that no withdrawal of principal or interest be made without order of this court until such time as Pia turns 18. It is further proposed that Pia's mother/next friend be allowed to select the bank or credit union at which such funds be deposited, that Plaintiffs' counsel provide such financial institution with a copy of this court's order regarding the disposition of Pia's funds, and that Plaintiff's counsel within forty-five (45) days of the court's order file with

the court a declaration verifying the establishment of the blocked account.  It is further requested that any bond be waived.  See Declaration of Jane Roe.

Violet is the subject of a guardianship in her home state.  She has a court-appointed Settlement Guardian ad Litem, attorney William L.E.Dussault, who is the named party for her in this matter.  By order of the court in that guardianship all funds obtained on her behalf are placed in a blocked account and accountings are made periodically to the guardianship court.

**EVIDENCE RELIED UPON**

The parties rely upon Declarations of parents Jane Doe, John Doe and Jane Roe, Jane Jones, Jane Smith, Mary Doe, Settlement Guardian ad Litem William L.E. Dussault, and the Declarations of Plaintiffs' counsel Carol L, Hepburn, Deborah A. Bianco, and John A. Kawai, and Defense counsel David S. Marshall as well as the records and files herein.

**III.   ISSUES PRESENTED**

    A.  Whether the settlements proposed for the minors are fair and reasonable.

    B.  Whether the attorneys fees and costs reimbursement requested are fair and reasonable.

**IV.   LEGAL AND FACTUAL ISSUES**

This court has a special duty to protect the interests of the minors herein.  *Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011).   The question before the court is whether the net settlement to be distributed to the minors is fair and reasonable in light of the facts and circumstances of the case *Robidoux, supra* at 1181-82.

Plaintiffs have sought by their complaint statutory liquidated damages of $150,000 each plus attorneys fees as provided by 18 U.S.C. 2255(a).  Defendant has alleged affirmative defenses of violation of his Eighth Amendment right to be free of excessive fines and his Fifth Amendment right to due process.

1    Relatively few cases have been brought under this statute for victims of child sex abuse

2    image crimes and far fewer have been litigated fully or tried.  Little caselaw has been

3    developed concerning the affirmative defenses advanced by Defendant.

4    Because the liability in this matter was established by virtue of the conviction of the

5    defendant of the predicate child pornography crime and the restitution orders entered by the

6    criminal court, and because the damages are established by statute, the parties engaged in

7    limited discovery. Rather the bulk of efforts of counsel for both sides have been focused on

8    settlement.

9    **V.    REASONABLENESS OF PROPOSED SETTLEMENT AND SOURCE OF**

10   **FUNDS**

11   There is no insurance policy which might cover the claims against Mr. Breslin.

12    The settlement tentatively reached by the parties provides for Mr. Breslin to pay

13   ▮▮▮▮▮▮  into his counsel's attorney trust account to be then transferred to Plaintiffs' counsel for

14   benefit of all Plaintiffs on or before the later of these two dates: October 15, 2020, or the date

15   one month after the last of the Plaintiffs executes settlement documents.

16   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19   ▮▮▮▮▮▮▮▮  He has recently been released early from his term of incarceration

20   pursuant to a motion for compassionate release related to the pandemic.  The amount of the

21   settlement in this matter takes the amount of Defendant's assets into account as well as the

22   costs of collection to Plaintiffs and likely net result of collection efforts should enforcement of

23   judgment be necessary.

24   The Plaintiffs, by prior agreement among themselves, agreed to an equal sharing of any

25   proceeds of the resolution of this matter as well as an equal sharing of the costs of the litigation.

With the proposed settlement each of the plaintiffs would receive ███████ gross.  As explained below, after proposed fees of ██████ each, and costs of $166.90 each, the net to each plaintiff, including each of the minors, would be ██████ .

There are no medical or counseling expenses or other subrogated expenses to be paid from the settlement funds.

## VI. ATTORNEYS  FEES AND COSTS

This action is brought under 18 U.S.C. 2255(a) and is relatively novel in terms of the broad sweep of subject matter of federal court actions. Few such actions have apparently been tried across the country.  Plaintiffs' counsel are aware of only ten attorneys including themselves, nationwide, who regularly represent survivors of child sex abuse image exploitation crimes in criminal restitution matters, and fewer who regularly bring civil claims on behalf of such survivors.

Plaintiffs' attorneys have advanced all costs necessary in pursuit of this action.  No funds have been advanced by any of the plaintiffs themselves.

Plaintiffs' counsel jointly have expended a total of over 75 hours in prosecuting this matter. This does not count time spent by counsel's paralegals who have expended additional time on initial drafts of documents, correspondence, and scheduling.

Minor Plaintiffs' parents entered into fee agreements with counsel Hepburn and Bianco at the outset of representation providing for a one-third contingent fee together with reimbursement of reasonable out of pocket costs.  Attorney Hepburn has represented the minors Sally, Skylar, Savannah, and Violet, as well as Sierra who is subject to the guardianship order, since 2015 under this fee agreement.  Attorneys Hepburn and Bianco have represented the minor Pia since 2016, also under a one-third contingent fee agreement. For purposes of this action, an agreement for association of Attorney Kawai as local counsel was also entered into by each of the Plaintiffs. This agreement provides that Mr. Kawai's fees would be a part of the

one-third contingent fee and that Plaintiffs would have no greater fee because of his participation as local counsel.

Declarations of each counsel are filed herewith attesting to the time and efforts expended in this matter. An itemization of costs advanced is included with the declarations of Counsel Kawai and Hepburn.

Plaintiffs' counsel have brought other similar actions under 18 U.S.C. §2255 for these plaintiffs.  Despite similar issues, the outcomes vary substantially depending on the development of record in the underlying criminal proceedings and the assets and circumstances of the particular defendant.  Many such resolutions by settlement result in contingent fees at less than counsel's hourly rate.

Plaintiffs rely on the Declarations of counsel Carol L. Hepburn, Deborah A. Bianco, John Kawai in support of their request for approval of attorneys fees and costs as well as the four affidavits of the parents of the minors herein.

DATED this __6th__ day of __November__ , 2020.

CARPENTER, ZUCKERMAN, & ROWLEY

By__ /s John A. Kawai__
John A. Kawai, CSBA No. 260120
407 Bryan Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com
Attorney for Plaintiffs

1

2   CAROL L. HEPBURN, P.S.

3   By /s Carol L. Hepburn
    Carol L. Hepburn , WSBA No. 8732, *Pro Hac Vice*
4   200 First Ave. West, Suite 550
    Seattle, WA  98119
5   (206) 957-7272
    (206) 957-7273 fax
6   Email:  carol@hepburnlaw.net
7   Of Attorneys for Plaintiffs Lily, Jane Doe for Skylar and
    Savannah, minors, John Doe for Sally and Sierra, minors and
8   Jenny

9

10  DEBORAH A. BIANCO, P.S.

11  By /s Deborah A. Bianco
    Deborah A. Bianco, WSBA No. 19826, *Pro Hac Vice*
12  14535 Bel-Red Road, #201
    Bellevue, WA 98007
13  Phone: 425-747-4500
    Email: deb@debbiancolaw.com
14  Of Attorneys for Jane Roe for Pia
15

16

17  LAW OFFICES OF MARK S. GOLDROSEN

18  By:  /s/ Mark S. Goldrosen
    Mark Stuart Goldrosen
19  255 Kansas Street, Suite 340
    San Francisco, CA 94103
20  (415) 565−9600
    Fax: (415) 565−9601
21  Email: markgoldro@aol.com
22
    and
23

24  //

25  //

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

THE MARSHALL DEFENSE FIRM

By:  /s/ David S. Marshall
1001 4th Ave, #4400
Seattle, WA. 98154
206-826-1400
206-826-1462 fax
david@marshalldefense.com

Attorneys for the Defendant Kenneth Breslin

JOINT MOTION TO APPROVE MINOR
SETTLEMENTS - 9

1   John A. Kawai, CSBN 260120
    CARPENTER, ZUCKERMAN & ROWLEY
2   407 Bryant Circle, Suite F,
    Ojai, CA 93023
3   Tel:  (805) 272-4001
    Fax:  (805) 719-6858
4   Email: team3@czrlaw.com

5   Deborah A. Bianco, *Pro Hac Vice*
    14535 Bel-Red Road, #201
6   Bellevue, WA 98007
    (425) 747-4500
7   Email: deb@debbiancolaw.com

8   Carol L. Hepburn, *Pro Hac Vice*
    200 First Avenue West, #550
9   Seattle, WA  98119
    Tel: 206) 957-7272
10  Fax: (206) 957-7273
    Email: carol@hepburnlaw.net

11
    Elaine T. Lenahan, *Pro Hac Vice*
12  2655 Villa Creek, Suite 204
    Dallas, Texas 75234
13  Phone: 214-584-6664
    Email: elaine@lenahanlaw.com
14

15  Attorneys for Plaintiffs.

16              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
17

18  "LILY," "SARAH," JANE DOE as court
    appointed conservator for "SKYLAR" and          NO.  4:19-CV-01668-YGR
19  "SAVANNAH" minors, JOHN DOE as court
    appointed conservator for "SALLY" and           DECLARATION OF JANE DOE IN
20  "SIERRA" minors, WILLIAM L.E.                    SUPPORT OF JOINT MOTION TO
    DUSSAULT as Guardian ad Litem for                APPROVE MINOR SETTLEMENT
21  "VIOLET," minor, JANE ROE as next friend         AGREEMENT
    for "PIA," "MYA," and "AVA" minors, JANE
22  JONES as next friend for "FIONA" minor,          Date:
    JANE SMITH as next friend for "TORI"             Time:
23  minor, "MAUREEN," "AMY," "ERIN,"                 Before the Honorable Yvonne Gonzalez Rogers
    "CASSEAOPEIA," "ERIKA," "JENNY,"                 United States District Court Judge
24  "CHELSEA," MARY DOE as next friend for

25

    DECLARATION OF JANE DOE IN SUPPORT OF            **CAROL L. HEPBURN, P.S.**
    JOINT MOTION TO APPROVE MINOR                    ATTORNEYS AT LAW
    SETTLEMENTS FOR SKYLAR AND SAVANNAH              200 FIRST AVENUE W, SUITE 500
    - 1                                              SEATTLE, WA 98119
                                                     TEL: (206) 957-7272 / FAX: (206) 957-7273

1   "ANGELA" minor, and "ANDY"

2                                     Plaintiffs,

3   v.

4   KENNETH BRESLIN,

5                                     Defendant.

6

7       I, Jane Doe, hereby declare as follows:

8       1.      I, Jane Doe, am the mother of the minor plaintiffs "Skylar" and "Savannah"

herein and am the person known as "Jane Doe" in this matter. I have been appointed, along

9   with my husband, as co-conservator for the interests of each Skylar and Savannah by the court

10  in our home county. A copy of the court's exemplified order appointing myself as co-

11  conservator for "Skylar" is attached to this declaration as Exhibit 1, and a copy of the court's

12  exemplified order appointing myself as co-conservator for "Savannah" is attached to this

13  declaration as Exhibit 2. I make this declaration in support of the joint motion of the parties for

14  approval of the proposed settlement of the claims herein.

15      2.      My daughters have been represented by Ms. Hepburn since 2015 in matters

16  relating to their rights as victims of child pornography crimes. Ms. Hepburn and I have

17  discussed many times the nature of the claims which may be made on their behalf. We have

18  also discussed several times the processes involved in proceeding to trial with a civil claim.

19      3.      I have reviewed the motion and the declarations of Carol L. Hepburn, John

20  Kawai, Deborah Bianco, Elaine T. Lenahan, and David Marshall, attorney for Defendant

21  Kenneth Breslin, supporting the joint motion to approve the settlement. It is my understanding

22  that each of the plaintiffs including my two daughters would receive an equal pro-rata portion

23  of the gross proceeds of the settlement and also be responsible for an equal pro-rata share of the

24  costs of the litigation.

25

DECLARATION OF JANE DOE IN SUPPORT OF
JOINT MOTION TO APPROVE MINOR
SETTLEMENTS FOR SKYLAR AND SAVANNAH
- 2

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

2. My daughters have been represented by Ms. Hepburn since 2015 in matters relating to their rights as victims of child pornography crimes. Ms. Hepburn and I have discussed many times the nature of the claims which may be made on their behalf. We have also discussed several times the processes involved in proceeding to trial with a civil claim.

3. I have reviewed the motion and the declarations of Carol L. Hepburn, John Kawai, Deborah Bianco, and David Marshall, attorney for Defendant Kenneth Breslin, supporting the joint motion to approve the settlement. It is my understanding that each of the plaintiffs including my two daughters would receive an equal pro-rata portion of the gross proceeds of the settlement and also be responsible for an equal pro-rata share of the costs of the litigation.

4. I believe that the proposed settlement is a fair and reasonable one in that it provides a certain recovery to each of the plaintiffs in the near term without the expenditure of additional costs for trial and for collection.

5. I am in agreement with the allocation of one third of the gross recovery for attorneys' fees in this matter. At the outset of our engaging Ms. Hepburn to represent our daughters, my husband and I entered into a fee agreement providing for a one third contingency fee together with reimbursement of reasonable out of pocket costs which she might expend. Our home county court also approved this fee agreement in the course of our conservatorship action.

6. I have reviewed the listing of costs expended in this matter totaling $3,505.00 and have no objection to reimbursement of this amount on a pro-rata basis. I understand that my daughters would each receive            and I am in agreement with this resolution.

7. As ordered by the court in our conservatorship action, all monies received on behalf of our daughters, and including any funds coming from the resolution of this case, are place in a blocked account. We are required to report to the court each year concerning all deposits and to provide documentation concerning the activity in the account and the balance. No withdrawals are allowed without an authorizing order of the court. Attached hereto as Exhibits 1 and 2 are the orders of the court appointing my husband and I as co-conservators and establishing the rules for handling funds received for our daughters.

8. I ask on behalf of my daughters that the court approve this settlement as proposed in the joint motion.

    //
    //
    //

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 29 day of September, 2020.

Jane Doe, co-conservator and mother of
Skylar and Savannah

DECLARATION OF JANE DOE IN SUPPORT OF
JOINT MOTION TO APPROVE MINOR
SETTLEMENTS FOR SKYLAR AND SAVANNAH - 1

# EXEMPLIFIED COPY CERTIFICATE

████████ **COUNTY,** ████████████                    **CERTIFICATE OF COPY**

    I, ██████████████, Clerk of the ████████ Courts, ██████ County, █ Judicial District, ████████, do hereby certify the following to be a true, perfect and complete copy of:

This Packet Contains a copy of the Order Granting Petition to Settle Civil Claims and Execute Settlement Agreements and/ or Convenants Not to Sue, Amended Order Appointing Co-Conservators for Minor, and Order Appointing Co- Conservators for Minor.

█ **MATTER OF:** ███████████████

Dat██████████ in ██████████ on this date: _____ 9·27·2020 .

████████████████████
Acting Clerk of Court

---

████████ **COUNTY,** █████████████          **CERTIFICATE OF ATTESTATION**

    I, ████████ Chief Judge of the ██████ Courts for the ████ Judicial District, ████████ do certify that ████████████████████ whose name is subscribed to the Certificate of Copy, now is, and was, at the time of signing and sealing the same, Clerk of the ████████ Courts, █████ County, █ Judicial District, ████████ and custodian of the records and keeper of the seal thereof, duly appointed and qualified to office; that full faith and credit are and of right to be given to all official acts as such in all Courts of Record and elsewhere; and that said attestation is in due form of law, and by the proper officer.

**BY THE COURT:**

███████████████████
Chief Judge

---

████████ **COUNTY,** █████████████          **CERTIFICATE OF ATTESTATION**

    I, ████████████, Clerk of the ████████ Courts, █████ County, █ Judicial District, ████████, do certify that ████████ Chief Judge whose genuine signature is appended to the foregoing Certificate of Attestation, was at the time signing and is now the Chief Judge of the ████████ Courts, █ Judicial District, ████████ duly commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as such, ████████████ d and elsewhere.

████████████████████
Acting Clerk of Court

| District Court ████ County, ████ Court Address: ████████ Telephone: ██████ | ▲                    ▲ DATE FILED: December 12, 2016 4:53 PM **COURT USE ONLY** |
|---|---|
| **In the Interest of:** ████████ **Minor** | Case Number: ██████████ **SUPPRESSED CASE; FILE UNDER SECURITY** Division W        Courtroom W150 |
| **AMENDED ORDER APPOINTING CO-CONSERVATORS FOR MINOR** ||

Upon consideration of the Petition for Appointment of Limited Co-Conservators for the above Minor and hearing on **December 6, 2016**,

**The Court finds that:**

1. Venue is proper and required notices have been given or waived.
2. Interested persons seek the appointment of Co-Conservators.
3. The person is a minor born on ████████.
4. The Minor's best interest will be served by appointment of Co-Conservators.
5. The appointment of Limited Co-Conservators is necessary because the Minor
   ☒owns money or property that requires management or protection that cannot otherwise be provided.
   ☒has or may have business affairs that may be put at risk or prevented because of the Minor's age.
   ☐needs money for support and education and that protection is necessary or desirable to obtain provide money.
   ☐for reasons other than age the Minor is unable to manage property and business affairs because he/she is unable to effectively receive and evaluate information or both or to make or communicate decisions, even with the use of appropriate and reasonably available technological assistance.  The evidence is clear and convincing in this regard.  Additionally, it has been shown that the Minor has property that will be wasted or dissipated unless proper management is provided or that the Minor, or persons entitled to the Minor's support, require money for support, care, education, health, and welfare, and protection is necessary or desirable to obtain or provide money.
   ☐A Conservator is required because the Minor is missing, detained, or unable to return to the United States.

The Court has considered any expressed wishes of the Minor concerning the selection of the Co-Conservators. The Court has considered the powers and duties of the Co-Conservators, the scope of the Conservatorship, and the priority and qualifications of the Nominees.

**The Court appoints the following persons as Limited Co-Conservators of the Minor:**

Name: █████████ and ██████
Street Address: ████████
City: ████████     State: ████  Zip Code: █████  Phone #: ████████
Email Address: ████████

**The Court directs the issuance of Letters of Limited Co-Conservatorship as follows:**

☒The Letters shall expire on ████████████, the Minor's 21st birthday, unless otherwise ordered by the Court.

❑The powers and duties of the Conservator are unrestricted. The Conservator may exercise all the powers granted in §15-14-425, C.R.S.

☒The powers and duties of the Co-Conservators are limited by the following restrictions:

The Co-Conservators are authorized to receive the Minor Protected Person's restitution payments; execute documents necessary to effect the receipt of the restitution payments; authorize payment of outstanding attorney fees and costs associated with the receipt of the Minor Protected Person's restitution payments; and manage the Minor Protected Person's net restitution payments in a restricted account until or unless the Co-Conservators determine it is in the Minor Protected Person's best interests to request the Court's authorization to establish a needs trust for the benefit of the Minor Protected Person.

### The Court orders the following:

1. The Co-Conservators shall notify the Court within 30 days if their home address, email address, or telephone number changes and any change of address for the Minor Protected Person.

2. Within 30 days of appointment, the Co-Conservators shall provide a copy of this Order Appointing Co-Conservators for Minor to the Minor Protected Person, if 12 years or older, and persons given notice of the Petition and shall advise those persons using Notice of Appointment of Guardian and/or Conservator (JDF 812)

that they have the right to request termination or modification of the Conservatorship.

3. The Co-Conservators shall file for approval with the Court a summary Conservator's Financial Plan with Inventory on or before March 6, 2017. The value of the assets must be reported as of the date of this Order.

4. The Co-Conservators shall file a Restricted Account Report (JDF 896) with the Court each year on or before February 14. The time period covered in the report shall begin on January 1 and end on December 31. The Co-Conservators are required to maintain all supporting documentation; including receipts and disbursements.

5. The Co-Conservators shall
   ☒serve without bond for the following reason(s): The Minor Protected Person's

   restitution payments will be held in a restricted account and the Co-Conservators

   will not have access to the funds without prior order of the Court.

   ☐serve with bond in the amount of $ _____. The bond must be posted with the Court     by     _____     (date).   If bond is posted by a surety, notice of any proceeding must be provided to the surety.

6. **Copies of all future Court filings must be provided to the following:**

| Name of Interested Person | Relationship to Minor |
|---|---|
| ███████████ | The Minor (if 12 years or older at the time of mailing) |
| ███████████ | Parents and Co-Conservators |

7. **The Court further orders:**

_____

Date: December 12, 2016
*Nunc pro tunc*: December 7, 2016



District Court Magistrate

This order was issued with consent; any appeal taken must be in accordance with Rule 7(b) of the ████ Rules for Magistrates.

# EXEMPLIFIED COPY CERTIFICATE

█████ **COUNTY,** ████████                                    **CERTIFICATE OF COPY**

I, ████████████ Clerk of the█████ Courts, ████County, ████Judicial District, ██████ do hereby certify the following to be a true, perfect and complete copy of:

This Packet Contains a copy of the Order Granting Petition to Settle Civil Claims and Execute Settlement Agreements and/ or Convenants Not to Sue, Amended Order Appointing Co-Conservators for Minor, and Order Appointing Co- Conservators for Minor.

**IN THE MATTER OF:** ████████████

Dat████████ e in ████████, ████ on this date: _____ 2·27·2020 _____.

_____, Acting Clerk of Court

---

█████ **COUNTY,** ████████                                    **CERTIFICATE OF ATTESTATION**

I, ████████ Chief Judge of the ████████ Courts for the████ Judicial District, ████████ do certify that ████████ whose name is subscribed to the Certificate of Copy, now is, and was, at the time of signing and sealing the same, Clerk of the████████ Courts, ████████County, ████Judicial District, ████████ and custodian of the records and keeper of the seal thereof, duly appointed and qualified to office; that full faith and credit are and of right to be given to all official acts as such in all Courts of Record and elsewhere; and that said attestation is in due form of law and by the proper officer.

**BY THE COURT:**

_____, Chief Judge

---

█████ **COUNTY,** ████████                                    **CERTIFICATE OF ATTESTATION**

I, ████████████ Clerk of the ████████ Courts, ████████County, ████Judicial District, ████████ do certify that ████████ Chief Judge whose genuine signature is appended to the foregoing Certificate of Attestation, was at the time signing and is now the Chief Judge of the ████████ Courts, ████Judicial District, ████████ duly commis████████████ ████ that full faith and credit are and of right ought to be given to all his official acts as such, i████████████████ and elsewhere.

_____, Acting Clerk of Court

| District Court ████ County, ████ Court Address: ████████████ Telephone: ██████████ | DATE FILED: December 12, 2016 4:50 PM **COURT USE ONLY** |
|---|---|
| In the Interest of: ██████████, **Minor** | Case Number: ████████ **SUPPRESSED CASE; FILE UNDER SECURITY** Division W    Courtroom W150 |

## AMENDED ORDER APPOINTING CO-CONSERVATORS FOR MINOR

Upon consideration of the Petition for Appointment of Limited Co-Conservators for the above Minor and hearing on **December 6, 2016,**

## The Court finds that:

1. Venue is proper and required notices have been given or waived.
2. Interested persons seek the appointment of Co-Conservators.
3. The person is a minor born on ██████████.
4. The Minor's best interest will be served by appointment of Co-Conservators.
5. The appointment of Limited Co-Conservators is necessary because the Minor

    ☒owns money or property that requires management or protection that cannot otherwise be provided.

    ☒has or may have business affairs that may be put at risk or prevented because of the Minor's age.

    ☐needs money for support and education and that protection is necessary or desirable to obtain provide money.

    ☐for reasons other than age the Minor is unable to manage property and business affairs because he/she is unable to effectively receive and evaluate information or both or to make or communicate decisions, even with the use of appropriate and reasonably available technological assistance. The evidence is clear and convincing in this regard. Additionally, it has been shown that the Minor has property that will be wasted or dissipated unless proper management is provided or that the Minor, or persons entitled to the Minor's support, require money for support, care, education, health, and welfare, and protection is necessary or desirable to obtain or provide money.

    ☐A Conservator is required because the Minor is missing, detained, or unable to return to the United States.

The Court has considered any expressed wishes of the Minor concerning the selection of the Co-Conservators.  The Court has considered the powers and duties of the Co-Conservators, the scope of the Conservatorship, and the priority and qualifications of the Nominees.

**The Court appoints the following persons as Limited Co-Conservators of the Minor:**

Name: █████████████████████
Street Address: ███████
City: ██████████  State: ████  Zip Code: ██████  Phone #: █████████
Email Address: ██████████████████

**The Court directs the issuance of Letters of Limited Co-Conservatorship as follows:**

☒The Letters shall expire on ███████████, the Minor's 21st birthday, unless otherwise ordered by the Court.

❑The powers and duties of the Conservator are unrestricted.  The Conservator may exercise all the powers granted in §15-14-425, C.R.S.

☒The powers and duties of the Co-Conservators are limited by the following restrictions:

The Co-Conservators are authorized to receive the Minor Protected Person's restitution payments; execute documents necessary to effect the receipt of the restitution payments; authorize payment of outstanding attorney fees and costs associated with the receipt of the Minor Protected Person's restitution payments; and manage the Minor Protected Person's net restitution payments in a restricted account until or unless the Co-Conservators determine it is in the Minor Protected Person's best interests to request the Court's authorization to establish a needs trust for the benefit of the Minor Protected Person.

**The Court orders the following:**

1. The Co-Conservators shall notify the Court within 30 days if their home address, email address, or telephone number changes and any change of address for the Minor Protected Person.

2. Within 30 days of appointment, the Co-Conservators shall provide a copy of this Order Appointing Co-Conservators for Minor to the Minor Protected Person, if 12 years or older, and persons given notice of the Petition and shall advise those

persons using Notice of Appointment of Guardian and/or Conservator (JDF 812) that they have the right to request termination or modification of the Conservatorship.

3. The Co-Conservators shall file for approval with the Court a summary Conservator's Financial Plan with Inventory on or before March 6, 2017. The value of the assets must be reported as of the date of this Order.

4. The Co-Conservators shall file a Restricted Account Report (JDF 896) with the Court each year on or before February 14. The time period covered in the report shall begin on January 1 and end on December 31. The Co-Conservators are required to maintain all supporting documentation; including receipts and disbursements.

5. The Co-Conservators shall
☒serve without bond for the following reason(s): The Minor Protected Person's

restitution payments will be held in a restricted account and the Co-Conservators

will not have access to the funds without prior order of the Court.

☐serve with bond in the amount of $ _____. The bond must be posted with the Court   by _____ (date).   If bond is posted by a surety, notice of any proceeding must be provided to the surety.

6. **Copies of all future Court filings must be provided to the following:**

| Name of Interested Person | Relationship to Minor |
|---|---|
| ███████████ | The Minor |
| ███████████ | Parents and Co-Conservators |

7. **The Court further orders:**

_____

Date: December 12, 2016
*Nunc pro tunc*:  December 7, 2016

District Court Magistrate

This order was issued with consent; any appeal taken must be in accordance with Rule 7(b) of the ███████ Rules for Magistrates.

1  John A. Kawai, CSBN 260120
   CARPENTER, ZUCKERMAN & ROWLEY
2  407 Bryant Circle, Suite F,
   Ojai, CA 93023
3  Tel:  (805) 272-4001
   Fax:  (805) 719-6858
4  Email: team3@czrlaw.com

5  Deborah A. Bianco, *Pro Hac Vice*          REDACTED VERSION OF DOCUMENT
   14535 Bel-Red Road, #201                  SOUGHT TO BE SEALED
6  Bellevue, WA 98007
   (425) 747-4500
7  Email: deb@debbiancolaw.com

8  Carol L. Hepburn, *Pro Hac Vice*
   200 First Avenue West, #550
9  Seattle, WA  98119
   Tel: 206) 957-7272
10 Fax: (206) 957-7273
   Email: carol@hepburnlaw.net

11
   Elaine T. Lenahan, *Pro Hac Vice*
12 2655 Villa Creek, Suite 204
   Dallas, Texas 75234
13 Phone: 214-584-6664
   Email: elaine@lenahanlaw.com
14

15 Attorneys for Plaintiffs.

16              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
17

18 "LILY," "SARAH," JANE DOE as court
   appointed conservator for "SKYLAR" and      NO.  4:19-CV-01668-YGR
19 "SAVANNAH" minors, JOHN DOE as court
   appointed conservator for "SALLY" and       DECLARATION OF JOHN DOE IN
20 "SIERRA" minors, WILLIAM L.E.                SUPPORT OF JOINT MOTION TO
   DUSSAULT as Guardian ad Litem for           APPROVE MINOR SETTLEMENT
21 "VIOLET," minor, JANE ROE as next friend    AGREEMENT
   for "PIA," "MYA," and "AVA" minors, JANE
22 JONES as next friend for "FIONA" minor,      Date:
   JANE SMITH as next friend for "TORI"        Time:
23 minor, "MAUREEN," "AMY," "ERIN,"            Before the Honorable  Yvonne Gonzalez Rogers
   "CASSEAOPEIA," "ERIKA," "JENNY,"            United States District Court Judge
24 "CHELSEA," MARY DOE as next friend for

25

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

"ANGELA" minor, and "ANDY"

                           Plaintiffs,

v.

KENNETH BRESLIN,

                           Defendant.

I, John Doe, hereby declare as follows:

    1.    I, John Doe, am the father of the minor plaintiffs "Sally" and "Sierra" herein and am the person known as "John Doe" in this matter. I have been appointed, along with my wife, as co-conservator for the interests of each Sally and Sierra by the court in our home county. . A copy of the court's exemplified order appointing myself as co-conservator for "Sierra" is attached to this declaration as Exhibit 1, and a copy of the court's exemplified order appointing myself as co-conservator for "Sally" is attached to this declaration as Exhibit 2. I make this declaration in support of the joint motion of the parties for approval of the proposed settlement of the claims herein.

    2.    My daughters have been represented by Ms. Hepburn since 2015 in matters relating to their rights as victims of child pornography crimes. Ms. Hepburn and I have discussed many times the nature of the claims which may be made on their behalf. We have also discussed several times the processes involved in proceeding to trial with a civil claim.

    3.    In the months since this lawsuit was filed, my daughter Sierra turned 18 years old. Though Sierra has reached the age of majority, my wife and I have filed a guardianship petition for her in our home county as she is incapable of taking care of herself due to the emotional injuries she has faced stemming from the subject matter of this lawsuit.

    4.    I have reviewed the motion and the declarations of Carol L. Hepburn, John Kawai, Elaine T. Lenahan, and David Marshall, attorney for Defendant Kenneth Breslin,

DECLARATION OF JOHN DOE IN SUPPORT OF
JOINT MOTION TO APPROVE MINOR
SETTLEMENTS FOR SALLY AND SIERRA - 2

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1  supporting the joint motion to approve the settlement.  It is my understanding that each of the

2  plaintiffs including my two daughters would receive an equal pro-rata portion of the gross

3  proceeds of the settlement and also be responsible for an equal pro-rata share of the costs of the

4  litigation.

5       5.    I believe that the proposed settlement is a fair and reasonable one in that it

6  provides a certain recovery to each of the plaintiffs in the near term without the expenditure of

7  additional costs for trial and for collection.

8       6.    I am in agreement with the allocation of one third of the gross recovery for

9  attorneys' fees in this matter. At the outset of our engaging Ms. Hepburn to represent our

10  daughters, my wife and I entered into a fee agreement providing for a one third contingency fee

11  together with reimbursement of reasonable out of pocket costs which she might expend.  Our

12  home county court also approved this fee agreement in the course of our conservatorship

13  action.

14       7.    I have reviewed the listing of costs expended in this matter totaling $3,505.00

15  and have no objection to reimbursement of this amount.

16       8.    As ordered by the court in our conservatorship action, all monies received on

17  behalf of our daughters, and including any funds coming from the resolution of this case, are

18  place in a blocked account.   We are required to report to the court each year concerning all

19  deposits and to provide documentation concerning the activity in the account and the balance.

20  No withdrawals are allowed without an authorizing order of the court.  The conservatorship for

21  each of the girls lasts until they are twenty-one. Attached hereto as Exhibits 1 and 2 are the

22  orders of the court appointing my wife and I as co-conservators and establishing the rules for

23  handling funds received for our daughters.

24       9.    I ask on behalf of my daughters that the court approve this settlement as

25  proposed in the joint motion.

DECLARATION OF JOHN DOE IN SUPPORT OF
JOINT MOTION TO APPROVE MINOR
SETTLEMENTS FOR SALLY AND SIERRA - 3

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1    I hereby declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct to the best of my knowledge.

3

4        DATED this ___ day of June, 2020.

5

6                                                    _____
                                                     John Doe, co-conservator and father to
7                                                    Sally and Sierra

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF JOHN DOE IN SUPPORT OF
JOINT MOTION TO APPROVE MINOR
SETTLEMENTS FOR SALLY AND SIERRA - 4

DATED this 28 day of September, 2020.

John Doe, co-conservator and father to Sally and Sierra

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

## EXEMPLIFIED COPY CERTIFICATE

███████ COUNTY, ██████████                                    **CERTIFICATE OF COPY**

I, ████████ Clerk of the ██████ Courts, ██████ County, ██ Judicial District, ████████ do hereby
certify the following to be a true, perfect and complete copy of:

This Packet Contains a copy of the Amended Order Appointing Co-Conservators For Minor.

This packet contains 4 pages including this cover.

IN THE MATTER OF: ██████████████

D███████████ office in ███████████ on this date: _____ *4.17.2020* .

                                                              Clerk of Court

████ COUNTY, ██████████                                    **CERTIFICATE OF ATTESTATION**

I, ██████ Chief Judge of the ██████ Courts for the ████ Judicial District, ██████ do certify that
███████, whose name is subscribed to the Certificate of Copy, now is, and was, at the time of signing and
sealing the same, Clerk of the ██████ Courts, ████ County, ██ Judicial District, ████████ and custodian of the
records and keeper of the seal thereof, duly appointed and qualified to office; that full faith and credit are and of
right to be given to all official acts as such in all Courts of Record and elsewhere; and that said attestation is in due
form of law, and by the proper officer.

                                                              **BY THE COURT**:

                                                              Chief Judge

████ COUNTY, ██████████                                    **CERTIFICATE OF ATTESTATION**

I, ████████ Clerk of the ██████ Courts, ██████ County, ██ Judicial District, ████████ do certify
that ████████ Chief Judge whose genuine signature is appended to the foregoing Certificate of Attestation, was
at the time signing and is now the Chief Judge of the ██████ Courts, ██ Judicial District, ████████, duly
commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as
suc███████████████ord and elsewhere.

                                                              Clerk of Court



AMENDED ORDER APPOINTING CO-CONSERVATORS FOR MINOR

Upon consideration of the Petition for Appointment of Limited Co-Conservators for the above Minor and hearing on **December 6, 2016,**

**The Court finds that:**

1. Venue is proper and required notices have been given or waived.
2. Interested persons seek the appointment of Co-Conservators.
3. The person is a minor born on
4. The Minor's best interest will be served by appointment of Co-Conservators.
5. The appointment of Limited Co-Conservators is necessary because the Minor
   ☒owns money or property that requires management or protection that cannot otherwise be provided.
   ☒has or may have business affairs that may be put at risk or prevented because of the Minor's age.
   ☒needs money for support and education and that protection is necessary or desirable to obtain provide money.
   ☐for reasons other than age the Minor is unable to manage property and business affairs because he/she is unable to effectively receive and evaluate information or both or to make or communicate decisions, even with the use of appropriate and reasonably available technological assistance. The evidence is clear and convincing in this regard. Additionally, it has been shown that the Minor has property that will be wasted or dissipated unless proper management is provided or that the Minor, or persons entitled to the Minor's support, require money for support, care, education, health, and welfare, and protection is necessary or desirable to obtain or provide money.
   ☐A Conservator is required because the Minor is missing, detained, or unable to return to the United States.

The Court has considered any expressed wishes of the Minor concerning the selection of the Co-Conservators. The Court has considered the powers and duties of the Co-

Conservators, the scope of the Conservatorship, and the priority and qualifications of the Nominees.

**The Court appoints the following persons as Limited Co-Conservators of the Minor:**

Name: ▮
Street Address: ▮
City: ▮  State: ▮  Zip Code: ▮  Home Phone #: ▮
Email Addresses: ▮
Alternate phone #: ▮

**The Court directs the issuance of Letters of Limited Co-Conservatorship as follows:**

☒The Letters shall expire on ▮ the Minor's 21st birthday, unless otherwise ordered by the Court.
☐The powers and duties of the Conservator are unrestricted.  The Conservator may exercise all the powers granted in §15-14-425, C.R.S.
☒The powers and duties of the Co-Conservators are limited by the following restrictions:

The Co-Conservators are authorized to receive the Minor Protected Person's restitution payments; execute documents necessary to effect the receipt of the restitution payments; authorize payment of outstanding attorney fees and costs associated with the receipt of the Minor Protected Person's restitution payments; and manage the Minor Protected Person's net restitution payments in a restricted account until or unless the Co-Conservators determine it is in the Minor Protected Person's best interests to request the Court's authorization to establish a needs trust for the benefit of the Minor Protected Person.

**The Court orders the following:**

1. The Co-Conservators shall notify the Court within 30 days if their home address, email address, or telephone number changes and any change of address for the Minor Protected Person.

2. Within 30 days of appointment, the Co-Conservators shall provide a copy of this Order Appointing Co-Conservators for Minor to the Minor Protected Person, if 12 years or older, and persons given notice of the Petition and shall advise those persons using Notice of Appointment of Guardian and/or Conservator (JDF 812)

that they have the right to request termination or modification of the Conservatorship.

3. The Co-Conservators shall file for approval with the Court a summary Conservator's Financial Plan with Inventory on or before March 6, 2017. The value of the assets must be reported as of the date of this Order.

4. The Co-Conservators shall file a Restricted Account Report (JDF 896) with the Court each year on or before March 17. The time period covered in the report shall begin on January 1 and end on December 31. The Co-Conservators are required to maintain all supporting documentation; including receipts and disbursements.

5. The Co-Conservators shall
☒serve without bond for the following reason(s): The Minor Protected Person's

restitution payments will be held in a restricted account and the Co-Conservators

will not have access to the funds without prior order of the Court.

☐serve with bond in the amount of $ _____. The bond must be posted with the Court    by _____ (date).   If bond is posted by a surety, notice of any proceeding must be provided to the surety.

6. **Copies of all future Court filings must be provided to the following:**

| Name of Interested Person | Relationship to Minor |
|---|---|
|  | The Minor |
|  | Parents and Co-Conservators |

7. **The Court further orders:**

_____

Date: December 12, 2016
*Nunc pro tunc*: December 7, 2016



District Court Magistrate

This order was issued with consent; any appeal taken must be in accordance with Rule 7(b) of the       Rules for Magistrates.

# EXEMPLIFIED COPY CERTIFICATE

███████ **COUNTY,** ████████                              **CERTIFICATE OF COPY**

I, ███████ Clerk of the ███████ Courts,████ County, ███ Judicial District, ██████ do hereby
certify the following to be a true, perfect and complete copy of:

███████████

This Packet Contains a copy of the Amended Order Appointing Co-Conservators For Minor.

This packet contains 4 pages including this cover.

**IN THE MATTER OF:** ████████████

Dat███████ office in ████████, █████ on this date: _____*4·17·2020*_____.

███████████
Clerk of Court

███████ **COUNTY,** ████████                              **CERTIFICATE OF ATTESTATION**

I, █████ Chief Judge of the ██████ Courts for the ████ Judicial District, ███████ do certify that
██████████ whose name is subscribed to the Certificate of Copy, now is, and was, at the time of signing and
sealing the same, Clerk of the ███████ Courts,████ County, ██ Judicial District, ██████ and custodian of the
records and keeper of the seal thereof, duly appointed and qualified to office; that full faith and credit are and of
right to be given to all official acts as such in all Courts of Record and elsewhere; and that said attestation is in due
form of law, and by the proper officer.

**BY THE COURT:**

███████████
Chief Judge

███████ **COUNTY,** ████████                              **CERTIFICATE OF ATTESTATION**

I, ███████ Clerk of the ██████ Courts, █████ County, ██ Judicial District, ███████ do certify
that ███████ Chief Judge whose genuine signature is appended to the foregoing Certificate of Attestation, was
at the time signing and is now the Chief Judge of the ███████ Courts, ██ Judicial District, ██████ duly
commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as
such, in all Courts of Record and elsewhere.

███████████
Clerk of Court

| District Court<br>　　　　County, ███████<br>Court Address: | ▶　　　　　　　　　　　　▶<br>DATE FILED: December 12, 2016 4:56 PM |
|---|---|
| ██████████████████████ | |
| Telephone: ██████████████ | **COURT USE ONLY** |
| **In the Interest of:** | Case Number: ███████████ |
| ████████ a/k/a ████████████<br>████ | **SUPPRESSED CASE;**<br>**FILE UNDER SECURITY** |
| **Minor** | Division W       Courtroom W150 |

| **AMENDED ORDER APPOINTING CO-CONSERVATORS FOR MINOR** |
|---|

Upon consideration of the Petition for Appointment of Limited Co-Conservators for the above Minor and hearing on **December 6, 2016**,

**The Court finds that:**

1. Venue is proper and required notices have been given or waived.
2. Interested persons seek the appointment of Co-Conservators.
3. The person is a minor born on ███████████████
4. The Minor's best interest will be served by appointment of Co-Conservators.
5. The appointment of Limited Co-Conservators is necessary because the Minor
   ☒owns money or property that requires management or protection that cannot otherwise be provided.
   ☒has or may have business affairs that may be put at risk or prevented because of the Minor's age.
   ☒needs money for support and education and that protection is necessary or desirable to obtain provide money.
   ☐for reasons other than age the Minor is unable to manage property and business affairs because he/she is unable to effectively receive and evaluate information or both or to make or communicate decisions, even with the use of appropriate and reasonably available technological assistance. The evidence is clear and convincing in this regard. Additionally, it has been shown that the Minor has property that will be wasted or dissipated unless proper management is provided or that the Minor, or persons entitled to the Minor's support, require money for support, care, education, health, and welfare, and protection is necessary or desirable to obtain or provide money.
   ☐A Conservator is required because the Minor is missing, detained, or unable to return to the United States.

The Court has considered any expressed wishes of the Minor concerning the selection of the Co-Conservators. The Court has considered the powers and duties of the Co-

Conservators, the scope of the Conservatorship, and the priority and qualifications of the Nominees.

**The Court appoints the following persons as Limited Co-Conservators of the Minor:**

Name: ███████████ and ███████████
Street Address: ███████
City: ███████ State: ███ Zip Code: ███ Home Phone #: ████████████
Email Addresses: █████████████████████
Alternate phone #: █████████

**The Court directs the issuance of Letters of Limited Co-Conservatorship as follows:**

☒ The Letters shall expire on ████████████ the Minor's 21st birthday, unless otherwise ordered by the Court.

☐ The powers and duties of the Conservator are unrestricted. The Conservator may exercise all the powers granted in §15-14-425, C.R.S.

☒ The powers and duties of the Co-Conservators are limited by the following restrictions:

The Co-Conservators are authorized to receive the Minor Protected Person's restitution payments; execute documents necessary to effect the receipt of the restitution payments; authorize payment of outstanding attorney fees and costs associated with the receipt of the Minor Protected Person's restitution payments; and manage the Minor Protected Person's net restitution payments in a restricted account until or unless the Co-Conservators determine it is in the Minor Protected Person's best interests to request the Court's authorization to establish a needs trust for the benefit of the Minor Protected Person.

**The Court orders the following:**

1. The Co-Conservators shall notify the Court within 30 days if their home address, email address, or telephone number changes and any change of address for the Minor Protected Person.

2. Within 30 days of appointment, the Co-Conservators shall provide a copy of this Order Appointing Co-Conservators for Minor to the Minor Protected Person, if 12 years or older, and persons given notice of the Petition and shall advise those persons using Notice of Appointment of Guardian and/or Conservator (JDF 812)

that they have the right to request termination or modification of the Conservatorship.

3. The Co-Conservators shall file for approval with the Court a summary Conservator's Financial Plan with Inventory on or before March 6, 2017. The value of the assets must be reported as of the date of this Order.

4. The Co-Conservators shall file a Restricted Account Report (JDF 896) with the Court each year on or before March 17. The time period covered in the report shall begin on January 1 and end on December 31. The Co-Conservators are required to maintain all supporting documentation; including receipts and disbursements.

5. The Co-Conservators shall
☒serve without bond for the following reason(s): The Minor Protected Person's

restitution payments will be held in a restricted account and the Co-Conservators

will not have access to the funds without prior order of the Court.

☐serve with bond in the amount of $ _____. The bond must be posted with the Court   by _____ (date).   If bond is posted by a surety, notice of any proceeding must be provided to the surety.

6. **Copies of all future Court filings must be provided to the following:**

| Name of Interested Person | Relationship to Minor |
|---|---|
|  | The Minor (if 12 years or older at the time of mailing) |
| and | Parents and Co-Conservators |

7. **The Court further orders:**

_____

Date: December 12, 2016
*Nunc pro tunc*: December 7, 2016

District Court Magistrate

This order was issued with consent; any appeal taken must be in accordance with Rule 7(b) of the ▮▮▮ Rules for Magistrates.

DocuSign Envelope ID: 2D58D884-CE67-41D2-A95C-C36B05271895

1 | John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
2 | 407 Bryant Circle, Suite F,
Ojai, CA 93023
3 | Tel:  (805) 272-4001
Fax: (805) 719-6858
4 | Email: team3@czrlaw.com

5 | Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
6 | Bellevue, WA 98007
(425) 747-4500
7 | Email: deb@debbiancolaw.com

8 | Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550
9 | Seattle, WA  98119
Tel: (206) 957-7272
10 | Fax: (206) 957-7273
Email: carol@hepburnlaw.net

11 |
Elaine T. Lenahan, *Pro Hac Vice*
12 | 2655 Villa Creek, Suite 204
Dallas, Texas 75234
13 | Phone: 214-584-6664
Email: elaine@lenahanlaw.com
14 |

15 | Attorneys for Plaintiffs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH" minors, JOHN DOE as court appointed conservator for "SALLY" and "SIERRA" minors, WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE as next friend for "PIA," "MYA," and "AVA" minors, JANE JONES as next friend for "FIONA" minor, JANE SMITH as next friend for "TORI" minor, "MAUREEN," "AMY," "ERIN," "CASSEAOPEIA," "ERIKA," "JENNY," "CHELSEA," MARY DOE as next friend for | NO. 4:19-CV-01668-YGR<br><br>DECLARATION OF JANE ROE IN SUPPORT OF JOINT MOTION TO APPROVE MINOR SETTLEMENT AGREEMENT<br><br>Before the Honorable Yvonne Gonzalez Rogers<br>United States District Court Judge |

DECLARATION OF JANE ROE IN SUPPORT OF
JOINT MOTION TO APPROVE MINOR
SETTLEMENT FOR PIA- 1

DocuSign Envelope ID: 2D68D884-CE67-41D2-A95C-C36B05271895

"ANGELA" minor, and "ANDY"

                                    Plaintiffs,

v.

KENNETH BRESLIN,

                                    Defendant.

I, Jane Roe, hereby declare as follows:

1.      I, Jane Roe, am the mother of the minor plaintiff "Pia" herein and am the person known as "Jane Roe" in this matter.  I am the exclusive legal guardian for Pia, appointed by the court in our home county.  I make this declaration in support of the joint motion of the parties for approval of the proposed settlement of the claims herein.

2.      My daughters Ava and Mya were both minors when this lawsuit began.  They have since become adults.  My daughter Pia is still a minor.

3.      My daughter Pia has been represented by Ms. Hepburn and Ms. Bianco since 2016 in matters relating to her rights as a victim of child pornography crimes.  Ms. Hepburn, Ms. Bianco and I have discussed the nature of the claims which may be made on her behalf.  We have also discussed the processes involved in proceeding to trial with a civil claim.

4.      I have reviewed the motion and the declarations of Carol L. Hepburn, Deborah Bianco, John Kawai, Elaine T. Lenahan, and David Marshall, attorney for the defendant, Kenneth Breslin, supporting the joint motion to approve the settlement.  It is my understanding that each of the plaintiffs including my daughter would receive an equal pro-rata portion of the gross proceeds of the settlement and also be responsible for an equal pro-rata share of the costs of the litigation.

DECLARATION OF JANE ROE IN SUPPORT OF
JOINT MOTION TO APPROVE MINOR
SETTLEMENT FOR PIA- 2

1     5.     I believe that the proposed settlement is a fair and reasonable one in that it

2    provides a certain recovery to each of the plaintiffs in the near term without the expenditure of

3    additional costs for trial and for collection.

4     6.     I am in agreement with the allocation of one third of the gross recovery for

5    attorneys' fees in this matter. At the outset of my engaging Ms. Hepburn and Ms. Bianco to

6    represent my daughter, I entered into a fee agreement providing for a one third contingency fee

7    together, payable to Ms. Hepburn and Ms. Bianco jointly, with reimbursement of reasonable

8    out of pocket costs which they might expend. I further understand that it was necessary for Ms.

9    Bianco and Ms. Hepburn to associate with Mr. Kawai, as local counsel, in order to file this

10    lawsuit, and that Mr. Kawai will be entitled to share in the one-third contingency fee.

11     7.     I have reviewed the listing of total costs expended in this matter totaling

12    \$3,505.00 and have no objection to reimbursement of this amount.

13     8.     All monies received on behalf of my daughter, Pia, and including any funds

14    coming from the resolution of this case, are placed into an account for her benefit. All funds

15    are used solely for her benefit. I have no objection to placing funds from this action in a

16    blocked account for her benefit that will have no withdrawals without court order until she

17    reaches 18 years old. I ask that I or my attorneys be allowed to choose the bank.

18     9.     I ask on behalf of my daughter, Pia, that the court approve this settlement as

19    proposed in the joint motion.

20    I hereby declare under penalty of perjury under the laws of the United States of

21    America that the foregoing is true and correct to the best of my knowledge.
                11/5/2020

22    DATED this ___ day of November, 2020.

23

24



25    Jane Roe as legal guardian and mother of
      Pia

**CAROL L. HEPBURN, P.S.**
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

DECLARATION OF JANE ROE IN SUPPORT OF
JOINT MOTION TO APPROVE MINOR
SETTLEMENT FOR PIA- 3

1   John A. Kawai, CSBN 260120
    CARPENTER, ZUCKERMAN & ROWLEY
2   407 Bryant Circle, Suite F,
    Ojai, CA 93023
3   Tel:  (805) 272-4001
    Fax:  (805) 719-6858
4   Email: team3@czrlaw.com

5   Deborah A. Bianco, *Pro Hac Vice*
    14535 Bel-Red Road, #201
6   Bellevue, WA 98007
    (425) 747-4500
7   Email: deb@debbiancolaw.com

8   Carol L. Hepburn, *Pro Hac Vice*
    200 First Avenue West, #550
9   Seattle, WA  98119
    Tel: 206) 957-7272
10  Fax: (206) 957-7273
    Email: carol@hepburnlaw.net

11
    James R. Marsh, *Pro Hac Vice*
12  31 Hudson Yards, 11th Floor
    New York, New York 10001
13  Phone: (929)232-3235
    Email: jamesmarsh@marsh.law
14
    Elaine T. Lenahan, *Pro Hac Vice*
15  2655 Villa Creek, Suite 204
    Dallas, Texas 75234
16  Phone: 214-584-6664
    Email: elaine@lenahanlaw.com
17

18  Attorneys for Plaintiffs.

19              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
20
    "LILY," "SARAH," JANE DOE as court          NO.  4:19-CV-01668-YGR
21  appointed conservator for "SKYLAR" and
    "SAVANNAH" minors, JOHN DOE as court         DECLARATION OF JANE JONES IN
22  appointed conservator for "SALLY" and        SUPPORT OF JOINT MOTION TO
    "SIERRA" minors, WILLIAM L.E.                APPROVE MINOR SETTLEMENT
23  DUSSAULT as Guardian ad Litem for            AGREEMENT
    "VIOLET," minor, JANE ROE as next friend
24  for "PIA," "MYA," and "AVA" minors, JANE     Date:
    JONES as next friend for "FIONA" minor,      Time:
25

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

| | |
|---|---|
| 1 | JANE SMITH as next friend for "TORI" minor, "MAUREEN," "AMY," "ERIN," "CASSEAOPEIA," "ERIKA," "JENNY," "CHELSEA," MARY DOE as next friend for "ANGELA" minor, and "ANDY" | Before the Honorable Judge Yvonne Gonzalez Rogers<br>United States District Court Judge |

1

JANE SMITH as next friend for "TORI" minor, "MAUREEN," "AMY," "ERIN," "CASSEAOPEIA," "ERIKA," "JENNY," "CHELSEA," MARY DOE as next friend for "ANGELA" minor, and "ANDY"

Before the Honorable Judge Yvonne Gonzalez Rogers
United States District Court Judge

                    Plaintiffs,

v.

KENNETH BRESLIN,

                    Defendant.

I, Jane Jones, hereby declare as follows:

1. I, Jane Jones, am the mother of the plaintiff "Fiona" herein and am the person known as "Jane Jones" in this matter. I am the exclusive legal guardian for Fiona, appointed by the court in our home county. I make this declaration in support of the joint motion of the parties for approval of the proposed settlement of the claims herein.

2. My daughter has been represented by James R. Marsh since 2013 in matters relating to her rights as a victim of child pornography crimes. Mr. Marsh and I have discussed the nature of the claims which may be made on her behalf. We have also discussed the processes involved in proceeding to trial with a civil claim. My daughter is now an adult.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 5 __ day of November, 2020.



Jane Jones as former legal guardian and mother of Fiona

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax: (805) 719-6858
Email: team3@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550
Seattle, WA  98119
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net

James R. Marsh, *Pro Hac Vice*
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: (929)232-3235
Email: jamesmarsh@marsh.law

Elaine T. Lenahan, *Pro Hac Vice*
2655 Villa Creek, Suite 204
Dallas, Texas 75234
Phone: 214-584-6664
Email: elaine@lenahanlaw.com

Attorneys for Plaintiffs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH" minors, JOHN DOE as court appointed conservator for "SALLY" and "SIERRA" minors, WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE as next friend for "PIA," "MYA," and "AVA" minors, JANE JONES as next friend for "FIONA" minor, | NO.  4:19-CV-01668-YGR<br><br>DECLARATION OF JANE SMTIH IN SUPPORT OF JOINT MOTION TO APPROVE MINOR SETTLEMENT AGREEMENT<br><br>Date:<br>Time: |

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1 | JANE SMITH as next friend for "TORI" | Before the Honorable Judge Yvonne Gonzalez
minor, "MAUREEN," "AMY," "ERIN," | Rogers
2 | "CASSEAOPEIA," "ERIKA," "JENNY," | United States District Court Judge
"CHELSEA," MARY DOE as next friend for
3 | "ANGELA" minor, and "ANDY"

4

Plaintiffs,

5 | v.

6 | KENNETH BRESLIN,

7

Defendant.

8

9

10

I, Jane Smith, hereby declare as follows:

11

1.    I, Jane Smith, am the mother of the plaintiff "Tori" herein and am the person

12

known as "Jane Smith" in this matter. I am the exclusive legal guardian for Tori, appointed by

13

the court in our home county. I make this declaration in support of the joint motion of the

14

parties for approval of the proposed settlement of the claims herein.

15

2.    My daughter has been represented by James R. Marsh since 2016 in matters

16

relating to her rights as a victim of child pornography crimes. Mr. Marsh and I have discussed

17

the nature of the claims which may be made on her behalf. We have also discussed the

18

processes involved in proceeding to trial with a civil claim. My daughter is now an adult.

19

I hereby declare under penalty of perjury under the laws of the United States of

20

America that the foregoing is true and correct to the best of my knowledge.

21

DATED this 29  day of October, 2020.

22

23



AKA Jane Smith (Oct 29, 2020 18:15 EDT)

24

Jane Smith as former legal guardian and
mother of Tori

25

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
DECLARATION OF JANE SMITH IN SUPPORT          200 FIRST AVENUE W, SUITE 500
OF JOINT MOTION TO APPROVE MINOR              SEATTLE, WA 98119
SETTLEMENT FOR TORI - 2                       TEL: (206) 957-7272 / FAX: (206) 957-7273

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY, ET AL., | NO.  19-cv-01668-YGR |
| Plaintiffs, | |
| v. | DECLARATION OF MARY DOE IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS MARY DOE |
| KENNETH BRESLIN, | |
| Defendant. | Before the Honorable Yvonne Gonzalez Rogers, U.S. District Court Judge |

MARY DOE hereby declares the following to be true and correct under penalty of perjury and the laws of the State of California and the United States of America:

1.  I am the adult mother of the Plaintiff known as "Angela" in this matter.

2.  I have been working with "Angela's" attorneys on her behalf since 2014, and I have pursued actions on "Angela's" behalf, based on her best interest.  Since turning 18 in November 2019, "Angela" has elected to continue to have Elaine Lenahan and the Lenahan Law Firm, PLLC, represent her in this and other matters.

3.  Elaine Lenahan and Lenahan Law Firm, PLLC, have been representing "Angela's" interests with regard to the child sexual exploitation images of her which are circulating on the internet.

4.  "Angela" is the pseudonym that she uses for purposes of all court matters and/or proceedings concerning these images.

5.  This Court approved the use of a pseudonym ("Angela") for my daughter in this matter.

6. As Angela has matured, we have discussed the fact that images of her exploitation are in circulation on the internet and the dark web, and we have also discussed the various remedies available to her.

7. Angela is no longer a minor, and accordingly no longer requires me to act as 'Next Friend'.

8. I am respectfully requesting the Court to dismiss me as Angela's Next Friend, and to allow Angela to appear on her own behalf in this matter.

DATED this 21st day of July, 2020.


Mary Doe, Next Friend for "Angela"

John A. Kawai, State Bar 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F
Ojai, CA. 93023
Tel:  (805) 272-4001
Fax:  (805) 719-6858
Email:  team3@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA. 98008
Tel:  (425) 757-4500
Email:  deb@biancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA. 98127
Tel:  (206) 957-7272
Fax:  (206) 957-7273
Email:  carol@hepburnlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| "LILY," "SARAH," JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH" minors, JOHN DOE as court appointed conservator for "SALLY" and "SIERRA" minors, WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE as next friend for "PIA," "MYA," and "AVA" minors, JANE JONES as next friend for "FIONA" minor, JANE SMITH as next friend for "TORI" minor, "MAUREEN," "AMY," "ERIN," "CASSEAOPEIA," "ERIKA," "JENNY," "CHELSEA," MARY DOE as next friend for "ANGELA" minor, and "ANDY" | Case No:  4:19-cv-01668-YGR |
|  | DECLARATION OF WILLIAM L.E. DUSSAULT IN SUPPORT OF MOTION FOR APPROVAL OF MINOR SETTLEMENT RE VIOLET, A MINOR |
|  | HEARING DATE: |
|  | TIME: |
|  | COURTROOM: |
| Plaintiffs, | |
| v. | BEFORE HONORABLE DISTRICT JUDGE YVONNE GONZALEZ ROGERS |
| KENNETH BRESLIN, | |

DECLARATION OF WILLIAM L.E. DUSSAULT IN SUPPORT
OF MOTION FOR APPROVAL OF MINOR SETTLEMENT RE
VIOLET, A MINOR
- 1

Defendant.

I, William L.E. Dussault, declare the following:

1.      I am an attorney with the law firm of Aiken St. Louis & Siljeg, P.S. in Seattle WA and make this declaration based on my personal knowledge and belief and am competent to testify to the facts set forth herein.

2.      Qualifications.  I have been licensed to practice law continuously since 1972.  A copy of my Curriculum Vitae is attached hereto as Ex.1.  I am currently licensed and in good standing in the state of Washington and in good standing but inactive in the State of Colorado.  I have never been disciplined by any Bar Association and there are no matters currently pending with any Bar Association concerning me.

3.      I was appointed as a Guardian Ad Litem for Violet by the ███████████ Court pursuant to our Court Rule SPR 98.16W on December 21, 2015. An exemplified copy of this order is attached hereto as Ex. 2.  I have reviewed a substantial number of settlements in these types of cases on Violet's behalf.

4.      Blocked Account.  Pursuant the state court order a blocked account was established in 2016 for the deposit of funds obtained on Violet's behalf. Periodic accounting reports have been made to the court since that time and orders approving each of those reports have been entered.  In each order approving the periodic reports the court has approved the contingent fees requested of one-third of proceeds obtained and reimbursement of the costs advanced requested.

5.      Appropriateness of Proposed Settlement.  I have reviewed the Motion for Approval of Minor Settlement, the Declarations of Plaintiffs' attorneys Hepburn, Bianco, and Kawai and their itemizations of costs, and the Declaration of Defendant's counsel Marshall.

DECLARATION OF WILLIAM L.E. DUSSAULT IN SUPPORT
OF MOTION FOR APPROVAL OF MINOR SETTLEMENT RE
VIOLET, A MINOR
- 2

6.      Over the course of the time I have served as Violet's Settlement Guardian ad Litem there have been several settlements of civil claims negotiated on Violet's behalf. None of these claims have proceeded to trial. Through continued communication and discussion with Violet's counsel, Ms. Hepburn, and my own review I am aware of the various legal and factual issues pertaining to actions under section 2255.

7.      During the conduct of this matter and particularly during settlement negotiations, Violet's counsel Ms. Hepburn has kept me apprised of the legal issues raised and the progress of the instant litigation.   Important concerns in this matter include the paucity of reported cases on the legal issues raised by the claim or the affirmative defenses, the prospect of collection of any settlement or judgment, and shielding Violet from deposition or any direct involvement in this litigation.   I have reviewed the Motion for Approval of Minor Settlement, the supporting declarations, and the proposed terms of settlement.  I have consulted with Ms. Hepburn concerning counsel's findings with regard to assets held and not held by the Defendant.

8.      In light of these issues, the particular facts of this case, and based on my knowledge of settlements of other claims brought on her behalf it is my professional opinion that this overall settlement is fair and reasonable for Violet.   I have reviewed emails from Violet's mother who is her custodial parent.  She has had the opportunity to review this motion, all of the declarations and documentation supporting the motion and she is in favor of the settlement being approved as set forth in this motion.

9.      Fees and Costs Requested by Counsel.  I have also reviewed the declarations of Mr. Kawai, Ms. Bianco, and Ms. Hepburn concerning fees and costs. Based on all of the considerations set forth I also am of the professional opinion that the requested fees and costs are fair and reasonable.

10.   It is my professional opinion based on all the facts and circumstances of this case that the motion for approval of the proposed settlement for Violet should be granted.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully signed and submitted this 29 day of Oct , 2020 at Seattle, Washington.

AIKEN ST. LOUIS & SILJEG P.S.

By:  William L.E. Dussault, WSBA No. 4611
Guardian ad Litem for "Violet"

DECLARATION OF WILLIAM L.E. DUSSAULT IN SUPPORT
OF MOTION FOR APPROVAL OF MINOR SETTLEMENT RE
VIOLET, A MINOR
- 4

AIKEN, ST. LOUIS & SILJEG, P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1200
SEATTLE, WASHINGTON 98104

WILLIAM L.E. DUSSAULT

FACSIMILE: 206-623-5764
TELEPHONE: 206-624-2650

BILLD@AIKEN.COM

## WILLIAM L. E. DUSSAULT
### CURRICULUM VITAE
### Emphasizing Law for Persons with Disabilities

### Education and Bar Admissions

University of Washington, BA, Political Science, History, 1969
University of Washington, Juris Doctor, Law, 1972
Admitted to Washington State Bar, September, 1972
Admitted to Federal District Court, January, 1973
Admitted to United States Supreme Court, September, 1982
Admitted to Colorado State Bar, February, 2007

### Memberships, Appointments

Member, American/Washington/Seattle-King County Bar Associations
Speaker, Brain Injury Association Legal Conference*, 1987 through present
Consultant, Autism Society of America (ASA), formerly National Society for Autistic Children and Adults
(NSAC):
      National Professional Advisory Board, 1978-to present
      Chairperson, National By-Laws Committee, 1984-1986
Co-Chair, King County Court 2009 Mandatory Settlement Guardian Ad Litem Training
Member, Washington State Bar Association Rules of Professional Conduct Committee
2003 -2004
Guest lectures, Seattle University Law School National Training for Special Education
      Administrative Law Judges 2002 to 2011
Editorial Board, Journal of Positive Behavior Interventions, 1998 to 2000
Chair, National Human Rights Committee, Association for Retarded Citizens, US (ARC-US) 1989-1991
Member, American College of Legal Medicine (ACLM) 1997-1999
Member, and Vice President for Finance, Board of Directors, Brain Injury Association of
America (BIA -formerly known as National Head Injury Foundation or NHIF), 1996-2001
Contributing Editor, National Structured Settlement Trade Association "White Paper"
      quarterly publication on settlements (1995-1998)
Faculty, Philip E. Heckerling Institute on Estate Planning, University of Miami School of Law, 1995
Mentor, Seattle University School of Law, 1994-1995
Consultant, Guardianship, ARC-US, 1988
Keynote Speaker, National Institute on Special Education and the Law, 1987
Vice-Chairperson, American Bar Association Family Law Committee on Mental Disability 1986-1994
Adjunct Professor, University of Washington School of Law, Disability Law 1986-1994

Wm. L. E. Dussault
*Curriculum Vitae*
Page 2

Member, Future Planning and Insurance Committee, ARC-US, 1986-1988
Member, Board of Directors of Accreditation Council for Services for Mentally Retarded and Other
Developmentally Disabled Persons (AC MRDD), 1982-1988, Executive Committee, 1986-1988
Consultant, Tourette Syndrome and the Law Workshop, 1986
Consultant, Settlement Trusts, California State Bar All Star Seminar, 1986 and 1987
Keynote speaker, faculty and Executive Board member, Pacific Northwest Special Education and the Law
Conference, 1984 to 2010
Adjunct Professor, Central Washington University, Department of Special Education, 1982/1984
Consultant, ABA Guardianship/Limited Guardianship Report, 1981
Faculty, University of Washington School of Nursing: Nursing, Law and Ethics, 1978-1994
Judge Pro Tempore, Seattle Municipal Court 1977-1990
Testimony to U.S. Senate: Handicapped Children's Protective Act 1977
Former Counsel, The Association for Persons With Severe Handicaps (TASH) 1975-1995
Washington State Human Rights Commission Advisory Council for the Physically, Mentally and Sensory
Handicapped, 1974-1976
Keynote speaker, Washington State "You Are the Expert" conferences for parents, 1976-1996
Executive Director, Washington State Developmental Disabilities Planning Commission, 1975-1976
Member, Washington State Superintendent of Public Instruction Committee to review and
revise state Special Education Regulations 1972-1998
Governor's Committee on Employment of the Handicapped, 1972 to 1985
Washington State Special Education Commission, 1972
Washington State Legislative Review Committee, Special Education, 1972
Past President-Founder, Washington Chapter, National Academy for Elder Law Attorneys (NAELA)
Founder, Treasurer and Executive Board Member, COPAA (Council of Parent Advocates and Attorneys)
Board Member, Disability International Foundation
Consultant-Epilepsy Foundation of America—special needs estate planning—video preparation
Consultant-National Association for Down Syndrome —estate planning and special education issues
Former Editorial Board Member, Journal of the Association for Persons with Severe Handicaps (JASH)
Vice-President, Concepts for Independent Living, National Non-Profit Corporation (CIL)
Former President and current Board Member, Lifetime Advocacy Plus (aka LA+, formerly Foundation for
the Handicapped), a private non-profit Guardianship and Trust agency for handicapped and
elderly individuals
Faculty, Emmanuel College, Cambridge University, England, International Institute on Head
Injury and the Law
Guest Lecturer, University of Oregon and Seattle University
Contract Reviewer, Department of Education, Office of Special Education Programs, Washington DC
Senior Rights Assistance Foundation of Washington, Advisory Board
Consultant to Guardianship, Advocacy and Protective Services (GAPS) Program, Oregon
Counsel, Washington Association for Persons with Disabilities
Volunteer, Washington and Colorado State Special Olympics
Director, Washington State Disabilities Political Action Committee (D-PAC)
Washington State Bar Association Civil Rights Committee

Wm. L. E. Dussault
*Curriculum Vitae*
Page 3

[i] Consultant, Bay Area Brain Injury Association*  California
Consultant, Washington State Brain Injury Association*
Appointed as Litigation or Settlement Guardian ad Litem in state or federal courts in
WA, OR, AK, CO

**Honors and Awards**

Received 2012 Award of Merit by the Washington State Bar Association, its highest honor
Selected by Seattle Magazine as one of Seattle's top financial managers, 2010, 2011
Selected by Washington Law and Politics and Butch Blum—one of four best lawyers in Washington
          State, 2003
Selected as one Washington's Best Lawyers, Washington Law & Politics 1999-2009
Life Member, National Registry, Who's Who 2001 Edition
Selected as one of Seattle's Best Lawyers, Seattle Magazine, 2001 issue
Selected as Honored Member, National Directory, Who's Who, 1994

**Authorship**

Co-Author, RCW 28A.13 Washington State Mandatory "Education for All" Law requiring
free appropriate public education for all children with disabilities, 1970
Author, 1975-1977 Washington State Limited Guardianship Act, RCW 11.88 and 11.99; participant on
revisions, 1990/1991
Author, Comprehensive review of all Washington State laws affecting disabled persons (over 500 pages
of proposed legislation, with approximately 200 pages now enacted)
Co-Author, Initial Washington State Regulations on Special Education
Originating author-testamentary special needs trust-1973
Originating author-litigation special needs trust-1976
Co-Author OBRA'93 42 USC 1396p(d)(4)(a)
Authored Northwest Mutual Insurance Co. planning booklet on planning for disability
Chapter author—Legal Issues in Traumatic Brain Injury Rehab—Mark Ashley editor
Author, Best of CLE: Planning for Disability - 1985
Author, "Wills and Trusts - Future Planning Guide for the Parents and Families of Persons With
Disabilities" - 1984
Author, "Establishment and Operation of the Settlement Trust", 1988, and as amended
Co-Author, "How to Provide for Their Future", ARC-US
Author, Future Planning Guide for the Parents and Families of Persons with Disabilities, Washington ARC
Trust Fund and The Foundation for the Handicapped
Author, Numerous Law Review Articles, book chapters, seminar materials, popular articles, etc.,
concerning:
          Malpractice and ethical issues in personal injury settlements
          Special Needs Settlement Trusts

---

**This organization, which has national and state chapters, was formerly known as the Head Injury Foundation ("HIF" - National
Head Injury Foundation or NHIF, Washington State Head Injury Foundation or WasHIF, etc.)

Wm. L. E. Dussault
*Curriculum Vitae*
Page 4

      Guardianship, Protective Services for the Disabled and the Elderly;
      Special Education
      Law and the Disabled
      Wills and Trusts for individuals with Disability and Family
      Informed Consent
      Ethics and Research with Human Subjects
      Advocacy
      Government Benefits
Presentations on Catastrophic Personal Injury Case Settlements—Ethics and management devices,
      National AAJ - WA, CA, UT, TX, OH, MT, CO, LA ,MI -AAJ formerly Trial Lawyers Associations and
      Defense Research Institute

**Sample Agency Consultations**

State of Washington Superintendent of Public Instruction
State of Washington Developmental Disabilities Planning Council
State of Washington Protection and Advocacy Agency
State of Washington Association for Retarded Citizens
State of Washington Developmental Disabilities Residential Service Association
State of Washington Coalition for Special Education
State of Oregon Association for Retarded Citizens
State of Oregon Division of Mental Health
State of Montana Developmental Disabilities Council
State of North Dakota Department of Education
State of Kansas Department of Education
State of Colorado Department of Education
State of Tennessee Protection and Advocacy Agency
Northwest Association of Rehabilitation Industries

**William L.E. Dussault, J.D.**

William L.E. Dussault received his Juris Doctorate from the University of Washington School of Law in 1972.  He is a member of the American Bar Association, Washington State Bar Association, Colorado State Bar Association and Seattle-King County Bar Association, and has been admitted to practice in the State of Washington (1972), U.S. Federal District Court (1973), U.S. Supreme Court (1982) and State of Colorado (2006).  He maintains a private practice in Seattle with an emphasis on the rights of persons with disabilities.  In 1970 Mr. Dussault was the originating author of the first state Mandatory Special Education Law—known as the "Education for All" law, as well as numerous revisions to many state's Guardianship and Conservatorship laws and the original special needs trust for use in estate planning and public benefit preservation for persons who experience disabilities.  He was also the originating author of 42 U.S.C. §1396p(d)(4)(A), the federal legislation authorizing use of special needs in conjunction with continuation or establishment of eligibility for certain federal benefit programs.  He is actively involved with numerous state and national groups concerned with legal issues impacting persons with disabilities, and has served as counsel to TASH, vice-chair of the American Bar Association Family Law Committee on Mental Disability, and as a legal advisor, committee member or chair for the Autism Society, ARC, UCP, BIA and the Epilepsy Foundation, among others.  He was selected as one of Washington's Super Lawyers by *Washington Law & Politics* annually from 1999 through 2006, and by *Washington Law & Politics* and Butch Blum as one of the four best lawyers in Washington State in 2003.  In 2013 he was awarded the Washington State Bar Association Award of Merit, the Bar's highest honor.  Mr. Dussault is a frequent presenter on special education, disability rights, coordination of public benefits and private resources, estate planning for families affected by disabilities and other related topics.

IN THE STATE OF ████████████ COUNTY OF ████████
EXEMPLIFIED CERTIFICATE

I, ████████, Chief Deputy Clerk, and by virtue of the laws of the State of ████████, for said County, do hereby certify that the annexed and foregoing is a true correct copy of the file information In re the Settlement of "Violet" A Minor in ████████ County Cause No. ████████ as the same now appearing on file and of record in the office of the County Clerk.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court this __4th_ Day of _____March_____, 2020.

_____
                    Chief Deputy Clerk of the Superior Court

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
~~~~~~

I, ████████████, JUDGE of the SUPERIOR COURT  in the County of ██████ in and for the State of ████████ and duly commissioned and qualified as Judge of said Court, which is a Court of Record, do hereby certify that ████████ who signed the foregoing Certificate is a duly commissioned and qualified Chief Deputy Clerk in and for the Superior Court for said County and State that the signature thereto is genuine, and that the said attestation is in due and proper form, and that the acts of said Teri Owen as Chief Deputy Clerk are entitled to full faith and credit.

IN WITNESS WHEREOF, I have hereunto signed my official name this ____4th_____ Day of _____March_____, 2020.

_____
                    Judge of the Superior Court

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
~~~~~~

I, ████████ Chief Deputy Clerk of the Superior Court in the County of ████████, in and for the State of ████████ do hereby certify that the Honorable ████████, whose name appears on the foregoing certificate, is and was at the time of signing the same, the duly commissioned and qualified Judge in and for the County of ██████ and State of ████████ which is the court of record, and that the signature to said Certificate is genuine, and the attestation thereto is in due and proper form.

IN WITNESS WHEREOF, I have hereunto signed my name and affixed my seal of office this ____4th___ Day of _____March_____, 2020.

_____
                    County Superior Court Chief Deputy Clerk

The document to which this certificate is attached is a full, true and correct copy of the original on file and of record my office. IN ~~~~~~~~~~~ e hereunto set my hand and affix the day of __MAL__, 20 _20_.

County Clerk and Clerk of the Superior
Court of the State o~~~~~~~~~~~~ in
and for the county of
by_____, Deputy

HEARING DATE: December 21, 2015

**RECEIVED & FILED**

DEC 2 1 2015

Clerk of the
Superior Court of _____ Co

IN THE SUPERIOR COURT OF THE STATE OF ▮▮▮▮▮
IN AND FOR THE COUNTY OF ▮▮▮▮

In re the Settlement of "Violet"

A Minor.

NO. ▮▮▮▮▮▮▮▮▮

ORDER APPOINTING SETTLEMENT
GUARDIAN AD LITEM ~~MASTER~~ FOR
"VIOLET"
CLERKS ACTION REQUIRED

THIS MATTER having come on the petition of "Violet" to appoint a Settlement Guardian Ad Litem Master and the Court having reviewed Petition for Order Appointing Settlement Guardian Ad Litem Master Purusant to SPR 98.16W and Declaration of Parent in Support of Petition for Order Appointing Settlement Guardian Ad Litem Master Purusant to SPR 98.16W, this Court hereby finds that:

1. Because of the sensitive nature of the subject matter of this action, and because disclosure of her identity together with the history disclosed in this matter would be highly offensive to a reasonable person such that her personal privacy would be unreasonably invaded, it is appropriate that the minor child be known by a pseudonym herein such as "Violet".

2. William L. E. Dussault meets the requirements of SPR 98.16W(c)(2) ~~and he should be given independent authority to approve settlements of $25,000 or less as they arise without bringing each individual settlement back to the court for approval.~~

~~[PROPOSED]~~ ORDER APPOINTING
SETTLEMENT GUARDIAN AD LITEM MASTER
FOR "VIOLET" -1

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW

THEREFORE IT IS HEREBY ORDERED THAT:

1. The minor child shall be known by the pseudonym "Vio let" herein.

2. William L. E. Dussault is appointed as a Settlement Guardian Ad Litem ~~Master~~ for the minor known as "Violet" and he shall have all of the duties, powers and authorities as are granted under the ▮▮▮▮▮ State Rules of Court, Rules of Superior Court, Special Proceedings Rule 98.16W and including but not limited to the authority to evaluate any settlement proposals and make recommendations to the Court as to the appropriatemess of such proposals and the appropriate method for managing the proceeds therof for settlement of any individual restitution request or civil matter ~~under the amount of $25,000.00.~~

3. William L. E. Dussault, as Settlement Guardian Ad Litem Master herein is authorized to expend __20__ hours of time in conducting his duties and initial evaluation of the minor, her condition and losses and the general nature of the cases, ~~and approval of settlements,~~ and he may do so charging a fee at his usual hourly billing rate for legal services of $325.00 per hour. Should additional time be needed, he may petition the court for authority to expend additional time for a fee.

4. ~~William L. E. Dussault, as Settlement Guardian Ad Litem Master herein~~ is ~~authorized to approve settlements of restitution requests made on behalf of the minor~~ as ~~described herein. Approval of the Settlement Guardian Ad Litem Master for settlements of $25,000.00 or less shall be considered equivalent to approval by the Court.~~

5. Upon resolution of restitution requests ~~resulting in orders being entered awarding amounts totaling $25,000.00~~ whether by settlement or judgment, the

[~~PROPOSED~~] ORDER APPOINTING
SETTLEMENT GUARDIAN AD LITEM MASTER
FOR "VIOLET" -2



1  ~~Steelement~~ Settlement Guardian Ad Litem ~~Master~~ shall prepare and present a Report to the Court

2  pursuant to SPR 98.16W.

3
4      6. Counsel for Petitioner, Carol L. Hepburn is hereby authorized to continue to

5  represent and to appear as counsel on behalf of the minor "Violet" in all matters relating

6  to requests of restitution and pursuit of civil damages which may be recoverable as a

7  result of her victimization in such crimes as are at issue herein.

8      7.

9
10
11
12
13  DATED this 21st day of _December_, 2015.

14
15
16
17
18  PRESENTED BY:

19  CAROL L. HEPBURN, P.S.

20
21
22  Carol L. Hepburn, WSBA No. 8732
    Attorneys for "Violet"

23
24
25
26  [PROPOSED] ORDER APPOINTING                      CAROL L. HEPBURN, P.S.
27  SETTLEMENT GUARDIAN AD LITEM MASTER                  ATTORNEYS AT LAW
    FOR "VIOLET" -3                              200 FIRST AVENUE WEST, SUITE 550
28                                                     SEATTLE, WA 98119
                                             TEL: (206) 957-7272 / FAX: (206) 957-7273

1

2
John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY

3
407 Bryant Circle, Suite F,
Ojai, CA 93023

4
Tel: (805)272-4001
Fax: (805)719-6858

5
Email: team3@czrlaw.com
Of Attorneys for Plaintiffs

6

7
Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201

8
Bellevue, WA 98007
(425)747-4500

9
Email: deb@debbiancolaw.com
Attorney for Plaintiff Jane Roe for Pia

10

11
Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550

12
Seattle, WA 98119
Tel: (206)957-7272

13
Fax: (206)957-7273
Email: carol@hepburnlaw.net

14
Attorney for Plaintiffs Lily, Jane Doe for
Skylar and Savannah, minors,

15
John Doe for Sally and Sierra, and Jenny

16

17
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

18

19
"LILY," "SARAH," JANE DOE as court
appointed conservator for "SKYLAR" and
"SAVANNAH" minors, JOHN DOE as court

20
appointed conservator for "SALLY" and
"SIERRA" minors, WILLIAM L.E.

21
DUSSAULT as Guardian ad Litem for
"VIOLET," minor, JANE ROE as next friend

22
for "PIA," "MYA," and "AVA" minors, JANE
JONES as next friend for "FIONA" minor,

23
JANE SMITH as next friend for "TORI"
minor, "MAUREEN," "AMY," "ERIN,"

24
"CASSEAOPEIA," "ERIKA," "JENNY,"

25
"CHELSEA," MARY DOE as next friend for

NO.  4:19-CV-01668-YGR

DECLARATION OF CAROL L. HEPBURN
IN SUPPORT OF JOINT MOTION TO
APPROVE MINOR SETTLEMENTS

Date:
Time:
Before the Honorable  Yvonne Gonzalez Rogers
United States District Court Judge

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1  "ANGELA" minor, and "ANDY"

2                                    Plaintiffs,

3  v.

4  KENNETH BRESLIN,

5                                    Defendant.

6

7      I, CAROL L. HEPBURN hereby declare as follows:

8      1.     I represent adult plaintiffs herein as well as the Plaintiffs Jane Doe as court appointed

9  conservator for Skylar and Savannah, minors, John Doe as court appointed conservator for Sally,

10  minor, and court appointed guardian for Sierra, and William L. E. Dussault who was appointed as

11  Settlement Guardian ad Litem for the minor Violet in her home state.  I make this declaration based

12  upon my own personal knowledge and professional experience as an attorney, in support of Motion

13  to Approve Minor Settlements.

14      2.     I have been licensed to practice law in the State of Washington since 1978 and in the

15  State of Oregon since 2003.  I am and have been in good standing in both states throughout that

16  time.  I am admitted pro hac vice herein.

17      3.     I have represented Lily since 2008; Skylar, Savannah, Sally, Sierra, and Violet since

18  2015 in criminal and civil matters related to their status as victims in prosecutions of violations child

19  pornography laws.  Together with co-counsel Deborah A. Bianco, I have represented Pia since 2016.

20      4.     Jane Doe is the mother of Skylar and Savannah and has been appointed by her local

21  court as their conservator. Skylar and Savannah are each minors and reside outside the state of

22  California.  I have communicated with Jane Doe concerning this matter and she is in agreement with

23  the proposed settlement, and she has signed a declaration to that effect which is filed

24  contemporaneously herewith.

25

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

5.      John Doe is the father of Sally and Sierra and has been appointed by his local court as their conservator. Sally is still a minor. Sierra is now an adult but her conservatorship lasts until the age of twenty-one under her state's statutes.  John Doe has also been appointed as of July 7, 2020 as Guardian by Sierra's home state to handle her property matters.  Sally and Sierra reside outside the state of California.  I have communicated with John Doe concerning this matter and he is in agreement with the proposed settlements for both Sally and Sierra, and he has signed a declaration to that effect which is filed contemporaneously herewith.

6.      Jane Roe is the next friend for Pia.  She is Pia's mother and legal guardian.  Pia is a minor and resides outside the state of California.  Pia's sisters Ava and Mya were minors at the time of filing of this matter but have since become adults.  I have communicated with Jane Roe concerning this matter and she is in agreement with the proposed settlement for Pia, and she has signed a declaration to that effect which is filed contemporaneously herewith.

7.      Plaintiffs understand that the Defendant will pay ███████ to settle the claims of twenty-one (21) victims.  Plaintiffs have agreed previously to divide the settlement proceeds equally and to share equally per capita in the fees and costs.  This means that each plaintiff would receive ███████ gross before fees and costs are deducted.

8.      The amount of the settlement in this case is within the range to the amounts many of my adult child pornography clients have received in other comparable cases where the defendant's assets are quite limited and the number of victim plaintiffs is high.

9.      Lily, Sarah, Maureen, Ava, and Mya are adults and represented by me.  (Deborah Bianco and I jointly represent Maureen, Ava, and Mya.)  All reside outside the state of California.  I have communicated directly with each of them concerning this matter and they are in agreement

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 3

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

with the settlement as set forth in our motion for approval and have affirmed once more the equal sharing of proceeds and costs.

10.     Given the circumstances of this case and the Defendant's very limited financial resources, I believe that this is a reasonable settlement and in the best interests of all plaintiffs and particularly the minor plaintiffs.  This is my independent judgment based on my knowledge and experience with other similar cases, my analysis of the legal issues and our investigation into the circumstances of the defendant.  This proposed settlement is small but represents a substantial portion of the defendant's net worth and liquidity.  Discovery and investigation conducted during the course of this case, after filing, revealed a different financial picture than Plaintiffs' counsel had originally anticipated.  This settlement relieves the plaintiffs of the burden of participating in ongoing discovery and gives them a certain compensation without the further cost of collection.

11.     I began my practice in 1978 as a deputy prosecuting attorney for King County in Seattle, Washington.  At that time, among other matters, I prosecuted sexual assault crimes.  After leaving the County in 1982 and over the following years to date my practice has involved a large number of sexual assault related claims.  For approximately eight years following my leaving the prosecutor's office I defended individuals charged with sexual assault crimes.  Later my practice included family law cases involving alleged child sex abuse, civil sexual harassment matters both for plaintiffs and defendants, investigation of sexual harassment allegations for employers, and civil sexual assault tort cases.

In 2008, I began representing victims of child pornography and online exploitation crimes.  I have represented such victims in both criminal restitution and civil cases.  I have participated in appeals of restitution orders entered under 18 USC 2259 and was a part of the team which took the case of *Paroline v. United States,* 572 U.S. 464 (2014), to the United States Supreme Court.  The

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 4

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

work on these restitution issues included appeals pending in the Ninth, Third, Fourth, and Seventh Circuits as well as *Paroline* which arose in the Fifth Circuit. Multiple petitions for certiorari to the Supreme Court were filed prior to the court accepting *Paroline* for review.

12.     Since the *Paroline* decision in 2014 I have participated in representing the victims' viewpoint in meetings with Congressional staffers concerning amendments now passed to Sections 2255 and 2259 of Title 18.  I have presented at legal and law enforcement conferences on the issues attendant to litigating the rights of victims of child pornography offenses.  Through meetings with victim advocacy agencies and other attorneys representing this population of victims, and through my representation of multiple such clients over the last eleven years I believe that there are only less than a dozen lawyers who regularly represent victims of child pornography crimes in criminal restitution matters and even fewer who routinely bring civil claims under Section 2255 on more than isolated  bases.

13.     Additionally, I have been active in non-legal advocacy efforts to support victim rights and well-being through the Canadian Centre for Child Protection in Winnipeg, Manitoba, CA and the National Center for Missing and Exploited Children in Alexandria, VA.  These activities include, among other things, participating in an international interdisciplinary working group which created the first ever survey for data on the experiences of child pornography victims, participation in a project to produce video victim impact statements for these victims, and assisting in bringing together the two first ever groups of such victims for community building and mutual support.

14.     The legal issues presented by this matter are fairly unique in that few cases brought by victims of the crime of child sex abuse material exploitation have been brought across the nation. Many of the legal issues arising under these claims have not been developed and remain uncertain.

16.     Approximately 85% of my practice at this time is devoted to representing these victims on all matters relating to their status as survivors of child pornography claims.  Not all such

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 5

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

efforts result in generation of fees.  The remainder of my practice is focused on general personal injury matters.  Pursuing this matter has meant that I have not pursued other matters in my practice with more reliable and lucrative outcomes.

17.     I have spent over 60 hours thus far in prosecution of this case including .  These hours include investigation of the prospects of filing this matter, drafting of pleadings, review and revision of  pleadings drafted by co-counsel, drafting of written discovery directed to defendant and disclosures including Rule 26 initial disclosures, requests for production, and requests for admission to defendant, and a subpoena duces tecum to Defendant's criminal counsel, responding to defendant's discovery to plaintiffs, travel roundtrip  to Oakland from Seattle for attendance at the hearing on Defendant's Motion to Dismiss, negotiation of the settlement, drafting of a proposed settlement agreement, drafting of the instant motion and supporting declarations for approval of the minors' settlement, communications with clients, and communications with co-counsel and opposing counsel.

15.     This does not count time spent by my paralegal who has expended additional time on obtaining documentation as needed, initial drafts of correspondence, some of the pleadings, and scheduling.

16.     This also does not count time which may be expended in appearance at and associated travel for any hearing on the instant motion.

17.     My normal hourly rate for fees is $450.00 which is commensurate with that of other attorneys in the Seattle area of my tenure and in my area of practice.

18.     Each of the plaintiffs in this matter engaged my firm's services by entering into a fee agreement at the outset of representation providing for a one-third contingent fee together with reimbursement of reasonable out of pocket costs.  This agreement was approved by the

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 6

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1  conservatorship court for Sierra, Sally, Savannah, and Skylar, and by the guardianship court for

2  Violet.  For purposes of this action, an agreement for association of Attorney Kawai as local counsel

3  was also entered into by each of the Plaintiffs including the parents of each of the minors herein.

4  This agreement provides that Mr. Kawai's fees would be a part of the one-third contingent fee and

5  that there would be no greater fee because of his participation as local counsel.  The adult plaintiffs

6  in this matter are represented under similar fee agreements.

7      19.    I have advanced $1,474.14 in costs for this matter.  None of the plaintiffs have

8  advanced any money for costs in this matter.  The largest expense has been for travel   to Oakland

9  from Seattle for purposes of appearing at the hearing on the Defendant's motion to dismiss—

10  approximately $1,291.33.  Further detail of the costs expended is contained at Exhibit 1 attached

11

12  hereto which is a true and correct itemization of the costs I have advanced in this matter.

13      20.    Costs expended by each of the Plaintiffs' counsel in this case are as follow:

14  Hepburn                         $1,474.14

15  Kawai and CZR                   $2,030.86

16  Total                           $3,505.00

17      (Ms. Bianco, Mr. Marsh, and Ms. Lenahan have no costs advanced.)

18      21.    The attorneys fees of one third of the gross for each plaintiff would be ████████

19  Considering the total costs advanced Dividing equally between the plaintiffs each minor ██████ )

20  would net ████████████████████████████████████████ )  Given the facts and

21

22  circumstances in this matter, the lack of insurance to cover the loss, the Defendant's assets, the issues

23  presented and the time and costs expended, it is my opinion that the net proceeds proposed to the

24

25

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 7

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE W, SUITE 500
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1   minors are reasonable and the fees and costs requested are reasonable and well within the norm for

2   cases with similar facts.

3        22.      I respectfully ask the Court to approve the settlement of this matter along with the

4   associated attorneys fees and expenses.

5        I hereby declare under penalty of perjury under the laws of the United States of America that

6   the foregoing is true and correct to the best of my knowledge.

7        DATED this 19th day of October, 2020.

8

9   CAROL L. HEPBURN, P.S.

10  By  /s Carol L. Hepburn
11  Carol L. Hepburn , *Pro Hac Vice*
    200 First Ave. West, Suite 550
12  Seattle, WA  98119
    (206) 957-7272
13  (206) 957-7273 fax
    Email:  carol@hepburnlaw.net
14  Of Attorneys for Plaintiffs Lily, Sarah, Jane Doe
    for Skylar and Savannah, minors, John Doe for
15  Sally and Sierra, minors, Jane Roe for Pia, minor

16

17

18

19

20

21

22

23

24

25

Carol L. Hepburn, P.S.
## Breslin Costs

| Date | Num | Name | Memo | Clr | Debit |
|------|-----|------|------|-----|-------|
| 08/10/18 | | Breslin | Pacer | | 1.80 |
| 03/01/19 | | Breslin | TLO | | 25.00 |
| 08/09/19 | | Breslin | pacer---online court file access | | |
| 08/09/19 | | Breslin | pacer---online court file access | | 14.30 |
| 09/21/19 | | Breslin | Alaska Airlines to OAK for 12 b 6 hearing | | 458.48 |
| 09/26/19 | | Breslin | PDX airport parking trip to Oakland for hearing | | 36.00 |
| 10/04/19 | | Breslin | Pacer | | 4.20 |
| 10/04/19 | | Breslin | Pacer | | 18.90 |
| 10/11/19 | | Breslin | meals and transport  while in Oakland for hearing | | 236.49 |
| 10/11/19 | | Breslin | Hampton Inn lodging for hearing in Oakland | | 596.36 |
| 10/15/19 | | Breslin | Pamela A. Batalo, CSR, Inc transcript of hrg on Mtn to Dismiss  12b6 | | 32.85 |
| 11/14/19 | | Breslin | pacer---online court file access | | 4.20 |
| 11/14/19 | | Breslin | pacer---online court file access | | 18.90 |
| 01/08/20 | | Breslin | wire fee Marsh payment of wakeen fee | | 15.00 |
| 02/06/20 | | Breslin | pacer---online court file access | | 2.90 |
| 02/06/20 | | Breslin | pacer---online court file access | | 1.70 |
| 03/25/20 | | Breslin | Pacer | | 2.80 |
| 03/26/20 | | Breslin | postage | | 1.46 |
| 05/11/20 | | Breslin | pacer---online court file access | | 2.80 |
| Total | | | | | 1,474.14 |

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

9  | "LILY," "SARAH," JANE DOE, as next friend for "SKYLAR" and "SAVANNAH," minors, JOHN DOE, as next friend for "SALLY" and "SIERRA," minors, "MAUREEN," JANE SMITH, as next friend for "VIOLET," JANE ROE, as next friend for "PIA," "MYA," "AVA," minors, "AMY," "ERIN," "FIONA," "CASSEAOPEIA," JANE SMITH, as next of friend for "ERIKA and "TORI" minors, "JENNY," "CHELSEA," and "ANGELA," | NO.  19-CV-01668-YGR

DECLARATION OF DEBORAH A. BIANCO RE: COSTS AND FEES IN SUPPORT OF MOTION TO APPROVE MINOR SETTLEMENTS

10
11
12
13
14
15

Date:
Time:
Before the Honorable Yvonne Gonzalez Rogers
United States District Court Judge

16

Plaintiffs,

17

v.

18

KENNETH BRESLIN,

19

Defendant.

20

DEBORAH A. BIANCO hereby declares the following to be true and correct under

21

penalty of perjury of the laws of the State of California:

22

23

1.      I represent the Plaintiffs "Maureen" of the Lighthouse Series of child pornography

24

and "Pia," "Mya," and "Ava," of the Sweet Sugar Series of child pornography in this action. I am

25

co-counsel with Carol Hepburn, but in our work together in I am primarily responsible for the

26

Lighthouse1 and Sweet Sugar plaintiffs, and Carol is primarily responsible for the other

27

plaintiffs.  Pia remains a minor at this time. Ava and Mya have both reached majority.

28

DECLARATION OF DEBORAH A. BIANCO RE: COSTS AND
FEES IN SUPPORT OF MOTION TO APPROVE MINOR
SETTLEMENT  - 1

2.      I assisted with drafting the initial Petition and Motion to Proceed By Pseudonym. I have reviewed initial pleadings and filings, as well as the Standing Order of Magistrate Judge Elizabeth D. Laporte, Standing Order on the Contents of the Case Management Statement, Standing Order on Confidential and Sealed Documents, and the Order re Discovery Procedures.

3.      I reviewed the Defendant's Motion to Dismiss, and participated in the Response to the Motion. Carol Hepburn argued the response to the Motion and I assisted in preparation of her argument with her and co-counsel both before and debriefed after the argument.

4.      I reviewed the Defendant's Answer to the Complaint, and communicated with co-counsel regarding those pleadings.

5.      I reviewed a Stipulation re Vacation and correspondence between counsel related to the Stipulation.

6.      I listened to Mr. Breslin's interview from criminal discovery.

7.      I participated in settlement discussions, and communicated with our clients regarding those discussions. I reviewed financial documentation submitted by the Defendant.

8.      I reviewed Plaintiff's Discovery to Defendant, and his Responses to Discovery.

9.      I participated in drafting a settlement proposal and reviewing materials regarding Defendant's property interests, and other documents regarding Mr. Breslin's income and assets.

10.     I participated in reviewing drafts the Joint Case Management Statement and in the Case Management Conference on December 2, 2019, by telephone.

11.     I reviewed correspondence from defense counsel.

12.     I participated in conferences between counsel and scheduling of mediation, and payment of mediation costs. I reviewed the Joint Statement of Mediation Date. I communicated with our clients regarding the scheduled mediation. I paid a portion of the mediator's fee, but as we were able to resolve the matter without formal mediation, the fee I advanced for mediation was fully refunded to me. Accordingly, I have no costs in connection with this case.

DECLARATION OF DEBORAH A. BIANCO RE: COSTS AND
FEES IN SUPPORT OF MOTION TO APPROVE MINOR
SETTLEMENT - 2

13.     To date, I have spent approximately 7.6 hours on this matter. My usual hourly rate is $425/hour, which is consistent with attorneys of my experience in the Seattle area.  I have no costs advanced for this matter.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 18th day of September, 2020.

DEBORAH A. BIANCO, P.S.

Deborah A. Bianco, *Pro Hac Vice*
14535 Bellevue-Redmond Road Suite 201
Bellevue, Washington  98007
Telephone:  425-747-4500
Facsimile:  425-747-8400
Emails:  bianco.lawyers@gmail.com and
deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia, Mya and Ava

DECLARATION OF DEBORAH A. BIANCO RE: COSTS AND
FEES IN SUPPORT OF MOTION TO APPROVE MINOR
SETTLEMENT  - 3

1

2   John A. Kawai, SBN 260120
    CARPENTER, ZUCKERMAN, & ROWLEY
3   407 Bryant Circle, Suite F,
    Ojai, CA 93023
4   Tel: (805)272-4001
    Fax: (805)719-6858
5   Email: jk@czrlaw.com
    Of Attorneys for Plaintiffs
6

7   Deborah A. Bianco, *Pro Hac Vice*
    14535 Bel-Red Road, #201
8   Bellevue, WA 98007
    (425)747-4500
9   Email: deb@debbiancolaw.com
    Attorney for Plaintiff Jane Roe for Pia
10

11  Carol L. Hepburn, *Pro Hac Vice*
    200 First Avenue West, #550
12  Seattle, WA 98119
    Tel: (206)957-7272
13  Fax: (206)957-7273
    Email: carol@hepburnlaw.net
14  Attorney for Plaintiffs Lily, Jane Doe for Skylar and Savannah, minors,
15  John Doe for Sally and Sierra, and Jenny

16                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
17

18  "LILY," "SARAH," JANE DOE as court          NO.  4:19-CV-01668-YGR
    appointed conservator for "SKYLAR" and
19  "SAVANNAH" minors, JOHN DOE as court        DECLARATION OF JOHN A. KAWAI IN
    appointed conservator for "SALLY" and       SUPPORT OF JOINT MOTION TO
20  "SIERRA" minors, WILLIAM L.E.               APPROVE MINOR SETTLEMENTS
    DUSSAULT as Guardian ad Litem for
21  "VIOLET," minor, JANE ROE as next friend
    for "PIA," "MYA," and "AVA" minors, JANE    Date:
22  JONES as next friend for "FIONA" minor,     Time:
    JANE SMITH as next friend for "TORI"        Before the Honorable Yvonne Gonzalez
23  minor, "MAUREEN," "AMY," "ERIN,"            Rogers
    "CASSEAOPEIA," "ERIKA," "JENNY,"           United States District Court Judge
24  "CHELSEA," MARY DOE as next friend for

25

1  "ANGELA" minor, and "ANDY"

2                                        Plaintiffs,

3  v.

4  KENNETH BRESLIN,

5                                        Defendant.

6

7        I, John A. Kawai, hereby declare as follows:

8        1.      I am over the age of eighteen, and an attorney at law who is licensed to practice

9  before the courts in California, Washington, and Nevada. I am a trial lawyer at CARPENTER,

10  ZUCKERMAN & ROWLEY ("CZR") attorneys of record for Plaintiffs.

11        2.      This Declaration is submitted in support of Plaintiff's counsel's attorney's fees and

12  reimbursement of costs for the representation of the plaintiffs in this action.

13        3.      If called to testify at the hearing on this motion, I could and would competently testify

14  to the following based upon my own personal knowledge.

15        4.      I have worked extensively on this case as local counsel and co-counsel to Carol L.

16  Hepburn and Deborah A. Bianco, and have been involved at every stage of the civil proceedings.

17  CZR handles personal injury and wrongful death cases for Plaintiffs across the nation on a

18  contingency basis. This is 99% of our practice.   We would typically agree to a 40% contingency fee

19  for a case of this nature, but have taken this case with a 33 1/3% contingency.  Absent contingency

20  fee agreements, firms such as CZR would be forced to limit our practice to cases that are less novel

21  and cheaper to prosecute.  Our clients, who typically cannot afford to pay substantial legal fees,

22  would not have us to help them balance the playing field against wealthy bad actors with

23  disproportionately vast financial resources.

24        5.      The fees in this case are reasonable based on the number of hours invested by the

25  attorneys in working up the case and preparing it for trial, as well as the unique experience and

DECLARATION OF JOHN A. KAWAI IN
SUPPORT OF JOINT MOTION TO APPROVE
MINOR SETTLEMENTS - 2

knowledge the particular trial attorneys involved in this case brought to bear.  An exceedingly small number of attorneys in the nation (on the order of magnitude of 10!) handle the types of claims involved in this case, and my co-counsel Carol L. Hepburn and Deborah A. Bianco are preeminent among them.  I serve as local counsel for them in California and Nevada, and am unaware of any attorney in these states other than myself representing plaintiffs in such child sex abuse imagery civil restitution cases.

6.      The services undertaken in this lawsuit include but are not limited to verifying the facts underlying the claim and Defendant's liability, collecting and collating all the evidence, including court documents, marshalling evidence in FBI custody, any relevant medical records, meeting with the clients and/or the family, and expert witnesses, preparing the pleadings and filings, serving summons and subpoenas, investigating the assets of the defendant and researching specific defense contentions, corresponding with and negotiating with opposing counsel, preparing the formal Petition in this matter, and making arrangements for the post-settlement distribution of settlement proceeds sought to be approved by means of this Petition.

7.      There was considerable novelty and difficulty in the questions involved that required an exceptional degree of skill to competently perform legal services in this case.  All law firms involved devoted considerable time and resources – including in the months prior to the filing of the case– to addressing the liability challenges and collectability challenges in this case.

8.      This matter was ultimately resolved through direct negotiation with opposing counsel. After extensive investigation into this defendant's financial circumstances this was the best settlement that could be obtained relative to the defendant's ability to pay.

9.      This result was in part a product of CZR's and my trial experience, resources, and skill, and especially the specific lawyers who worked on this matter. Our offices have handled numerous cases involving physical and emotional injuries to children, and we have obtained numerous seven- and eight-figure jury verdicts, many purely noneconomic damages verdicts,

throughout the nation including the State of California.  As mentioned before, I am unaware of another attorney in California who is representing plaintiffs in child sex abuse imagery cases involving the claims made in this case.  Taking on these cases meant that I have taken away time from the catastrophic personal injury cases that make up most of my firm's practice.  The estimated time I have spent on this case is 18 hours, inclusive of preparing this application, and does not include my staff's time or my co-counsel's time or their staff.

      10.    CZR advanced costs totaling $496.91 in this case for service of the Summons and Complaint, as well as necessary courier and messenger services for subpoenas and related Court files.

      11.    My separate law firm, John A. Kawai Law Offices, Inc. advanced electronic filing fees for the complaint and the *pro hac vice* filings, as well as airfare, but no lodging expenses, for my travel to and from Court for the hearing on the Defendant's motion to dismiss, a total of $1,533.95.

      12.    Attached at Ex. 1 is a true and correct copy of the itemization of costs expended by CZR and John A. Kawai Law Offices, regarding this matter.

      I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

      Executed this 17th day of September, 2020, at Ventura, California.

 s/John A. Kawai                 
JOHN A. KAWAI, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel: (805)272-4001
Fax: (805)719-6858
Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

| | Source Name | Type | Date | Num | Memo | Credit | Amount |
|---|---|---|---|---|---|---|---|
| **Lily et al vs. Breslin 04-02-19** | | | | | | | |
| | CC American-Express - 25001 | Credit Card Charge | 12/04/2019 | | Court Call A10213671 90211 | | 44.00 |
| | CC American-Express - 25001 | Credit Card Charge | 12/04/2019 | | Court Call A10220274 90211 | | 86.00 |
| | Fedex -  Acct# 1904-5809-1 - Cost | Bill | 05/03/2019 | 6-540-57388/Cost | Courier re: Carmen McCourt | | 29.41 |
| | Howard County Sheriff | Bill | 04/26/2019 | 04262019 Lily | Serv Summ & Comp re: Lily et al vs. Breslin | | 65.00 |
| | On-Call Legal | Bill | 09/19/2019 | 135937 | Lily et al.  Case Number 4:19-cv-01668-YGR COURT SERVICES COMPLETED AT UNITED STATES BANKRUPTCY ... | | 176.00 |
| | Titan Legal Services | Bill | 11/11/2019 | SU323603-01-01 | Med Recs re: Lily et al Breslin | | 96.50 |
| Total Lily et al vs. Breslin 04-02-19 | | | | | | 0.00 | 496.91 |
| | | | | | | **0.00** | **496.91** |

1  DAVID S. MARSHALL, Pro Hac Vice
2  1001 Fourth Avenue, Suite 4400
   Seattle, WA 98154
3  Tel: (206) 826-1400
   Email: david@marshalldefense.com
4  of Attorneys for Defendant

5  MARK S. GOLDROSEN
6  255 Kansas St.
   Suite 340
7  San Francisco, CA 94103
   Tel: (415)565-9600
8  Email: markgoldro@aol.com
   of Attorneys for Defendant
9

10                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
11

12  LILY, ET AL.,                          | NO.  19-cv-01668-YGR

         Plaintiffs,

13                                         | DECLARATION OF DAVID S. MARSHALL
                                           | IN SUPPORT OF MOTION TO APPROVE
14  v.                                     | MINOR SETTLEMENTS

15  KENNETH BRESLIN,

16       Defendant.                        | Date Filed: March 30, 2019
                                           | Trial Date: None Set, Settlement In Progress
17
                                           | Before the Honorable Yvonne Gonzalez Rogers,
18                                         | U.S. District Court Judge

19      I, DAVID S. MARSHALL, declare under penalty of perjury as follows,

20   1.  I am an attorney with the Marshall Defense Firm. I am admitted to practice before the

21       Court *pro hac vice*.

22   2.  Plaintiffs' claims here would, if proven, entitle them to damages exceeding $3 million. This

23       vastly exceeds what Mr. Breslin could pay. Hence, to settle the case, my paralegal and I

24       have investigated what he could pay.

25

26   DECLARATION OF DAVID S. MARSHALL IN SUPPORT
     OF MOTION TO APPROVE MINOR SETTLEMENTS
     Page 1.

Attorneys-at-Law
THE MARSHALL DEFENSE FIRM
1001 Fourth Avenue, Suite 4400
Seattle, Washington 98154-1192
Telephone (206)826-1400
Fax (206)826-1462

3. ███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████

4. My paralegal and I have gathered extensive information about Mr. Breslin's net worth, including documents provided by financial institutions. █████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████

5. ██████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████

6. ████████████████████████████████████

7. ██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████

8. ████████████████████████████████████████████████████
███████████████████████

//

//

DECLARATION OF DAVID S. MARSHALL IN SUPPORT
OF MOTION TO APPROVE MINOR SETTLEMENTS
Page 2.

Attorneys-at-Law
THE MARSHALL DEFENSE FIRM
1001 Fourth Avenue, Suite 4400
Seattle, Washington 98154-1192
Telephone (206)826-1400
Fax (206)826-1462

9.  From my office's extensive investigation of Mr. Breslin's assets and liabilities, I believe the

settlements reached were possible only because he has decided to substantially reduce what

was already going to be a modest standard of living after his release.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the

United States.

DATED this 29th day of October, 2020.

THE MARSHALL DEFENSE FIRM

 /s/ David S. Marshall
DAVID S. MARSHALL, Pro Hac Vice
WSBA No. 11716
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
(206) 826-1400
david@marshalldefense.com
of Attorneys for Defendant

 /s/ Mark S. Goldrosen
MARK S. GOLDROSEN
255 Kansas St., Suite 340
San Francisco, CA 94103
Tel: (415)565-9600
markgoldro@aol.com
of Attorneys for Defendant

DECLARATION OF DAVID S. MARSHALL IN SUPPORT
OF MOTION TO APPROVE MINOR SETTLEMENTS
Page 3.

Attorneys-at-Law
THE MARSHALL DEFENSE FIRM
1001 Fourth Avenue, Suite 4400
Seattle, Washington 98154-1192
Telephone (206)826-1400
Fax (206)826-1462